SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

NATHANIEL HOWARD
3227 D Street, S.E.
Washington, D.C. 20019

    Plaintiff

v.

OFFICER TONY MASON, BADGE NO. 4943
Metropolitan Police Department, 6th Dist.
100 42ND St. NE
Washington, D.C. 20019

OFFICER MARVIN BRANCH,
BADGE NO. 1355
Metropolitan Police Department, 6th Dist.
100 42nd St. NE
Washington, D.C. 20019

DISTRICT OF COLUMBIA
Serve:

Anthony A. Williams
Mayor
District of Columbia
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004

    and

Gladys Herring
Office of the Secretary
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Suite 419
Washington, D.C. 20004

    and

Civil No. _____

0002739-06

RECEIVED
Civil Clerk's Office
APR 0 6 2006
Superior Court of the
District of Columbia
Washington, D.C.

-1-

Darlene Fields                                  :
Office of the Attorney General for the District :
of Columbia                                     :
441 4ᵗʰ Street, NW                              :
6ᵗʰ Floor                                       :
Washington, D.C.  20001                         :
                                                :
      Defendants.  :

**COMPLAINT**
(Violation of Constitutional Rights)

**Count 1: 42 U.S. C. §1983, U.S. Const., Amend. IV:**

    1.    Subject matter jurisdiction is founded upon D.C. Code, §11-921.  Personal jurisdiction is founded on D.C. Code, §13- 423.

    2.    This is an action for money damages brought pursuant to 42 U.S.C., §1983 and the Fourth Amendment to the United States Constitution.

    3.    Plaintiff Nathaniel Howard ("Howard") is a resident of the District of Columbia.

    4.    Officer Tony Mason, Badge No. 4943 ("Mason") and Officer Marvin Branch, Badge No. 1355 ("Branch") at all times relevant to this action were duly appointed and sworn police officers of the District of Columbia, acting under color of their authority as police officers.

    5.    On or about January 31, 2006, at about 9:00 p.m., Howard was in the backyard of his mother's house at 3227 D Street, S.E., Washington, D.C.  Branch and Mason were on patrol in an unmarked car and drove through an alleyway behind the 3227 D Street address.  They stopped the car and approached Howard.  Branch and Mason asked Howard if he would allow them to handcuff him for their safety.  Howard agreed.  After Branch and Mason handcuffed Howard, they asked if they could search his pants.  Howard told the officers that they

could get his identification card out of his wallet, which was in his pants pocket. However, the officers emptied out his pants pockets. Then Branch and Mason asked Howard if he would allow them to search inside of his pants. Howard refused. One of the officers said words to the effect: "I think he has it in his pants, probably in his groin area." They turned Howard around with his back to them. One of them said to the other, "pop the trunk." Howard saw the other officer retrieve a pair of elastic gloves and put them on. One of the officers put his arms around Howard's lower legs and yanked them out from under him. Howard fell on his right arm. He immediately screamed that his arm was broken. Branch and Mason ignored Howard and put him up on their car. While Howard screamed in pain, Branch and Mason physically penetrated his rectum in a search for drugs. The officers recovered nothing in the search.

6. After significant delay, officers called for an ambulance, and Howard was transported to a hospital.

7. As a direct and proximate result of the wrongful and illegal actions of Branch and Mason, Howard sustained a complete fracture of the right midshaft of the humerus. He has incurred expenses for physician, surgical and hospital care. He has suffered and will continue to suffer extreme pain in both body and mind and mental anguish. He is unable to secure gainful employment due to the disabling nature of the injury. He has suffered embarrassment, humiliation, and personal indignity. He lost time and had his normal daily activities disrupted, and suffered injury to his reputation.

8. The actions of Branch and Mason violated the clearly established right under the Fourth Amendment right against unreasonable seizure and the use of excessive force.

9. By letter dated February 27, 2006, Howard gave written notice of his claim to the

Mayor of the District of Columbia. The notice was sent by certified mail and was signed for on March 1, 2006.

**Count 2 – Assault and Battery:**

10. The allegations in paragraphs 1 through 9 are incorporated by reference as though fully set forth.

11. Howard did not consent to a physical intrusion of his body. Nor did he consent to physically violent and excessively vicious acts, as alleged, committed by Branch and Mason against him.

11. The actions of Branch and Mason constituted an assault and battery, in violation of the common law of the District of Columbia.

12. The actions of Branch and Mason were committed within the scope of their employment for the District of Columbia.

**Count 3 – 42 U.S,C. §1983 Against District of Columbia:**

13. The allegations in paragraphs 1 through 12 are incorporated by reference as though fully set forth.

14. Prior to January 31, 2006, the District of Columbia developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the city, which caused the violation of Howard's constitutional rights.

15. It was the policy and/or custom of the District of Columbia to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the city.

16. It was the policy and/or custom of the District of Columbia to inadequately train

and supervise its police officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The city did not require appropriate in-service training or retraining of officers who were known to have engaged in police misconduct.

17. As a result of the above described policies and customs, police officers of the District of Columbia, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

18. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the city to the constitutional rights of persons within the city, and were the cause of the violation of Howard's rights alleged in this complaint.

WHEREFORE, Howard requests that this Court:

a. Award compensatory damages in the amount of $2 million dollars to Howard against the defendants, jointly and severally;

b. Award punitive damages to Howard against defendants Branch and Mason;

c. Award costs of this action to Howard;

d. Award reasonable attorney's fees and costs to Howard on Counts 1 and 3 of the complaint;

e. Award such other relief as this Court deems appropriate and just.

Terrell N. Roberts, III, Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

                                                         Terrell N. Roberts, III