IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NATHANIEL HOWARD            :
                            :
    Plaintiff               :
                            :
v.                          :    Case No. 06-0885 (ESH)
                            :
DISTRICT OF COLUMBIA et al. :
                            :
    Defendants.             :

**<u>OPPOSITION TO MOTION FOR STAY</u>**

Nathaniel Howard, plaintiff, by his attorney, opposes the motion of the defendants Tony Mason and the District of Columbia for stay of all proceedings or alternatively for a stay of discovery.

Plaintiff rests her opposition upon the following grounds:

The motion alleges that the U.S. Attorney's Office is conducting a criminal investigation of the police misconduct alleged in this case. However, the motion recites that defendants are unable to obtain any estimate from the U.S. Attorney of the time remaining until the conclusion of the criminal investigation.

Plaintiff opposes the request for a stay of all proceedings or a stay of discovery for several reasons. First, a stay will achieve nothing but delay the inevitable. It is an extremely rare case that results in a criminal prosecution of a police officer. Most allegations of police misconduct are investigated for potential criminal prosecution, but the vast and overwhelming majority do not result in prosecution. There is nothing about this case to suggest anything will occur differently in this case. Thus, as a practical matter, there is no real potential for a criminal prosecution of the defendants in this case.

Second, just how long it would take for the U.S. Attorney to make a decision is unknown. If we knew that, plaintiff could make a meaningful decision whether to oppose or consent to the motion and the

amount of time of the stay.  A stay could amount to a year or more of delay.  This would not be beneficial to a just result in this matter.

Third, the officers are claiming in their reports that their actions were consistent with law.  There is no indication that they will invoke the privilege against self-incrimination if called to give a deposition.  Why should we assume that the officers require a stay under such circumstances?

Fourth, it is imperative that the plaintiff commence discovery as soon as possible.  Memories fade, witnesses move or disappear, documents turn up missing, tapes are destroyed, etc.

Fifth, contrary to the arguments made in the motion, the public does have an interest in the vindication of constitutional rights.  In *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986), the Supreme Court stated that "[we reject the notion that a civil rights action for damages constitutes nothing more than a private tort suit benefitting only the plaintiffs whose rights were violated."  The Court went on to say that "Congress has determined that 'the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in §1988, over and above the value of the civil rights remedy to a particular plaintiff ... .'" *Id.*, *quoting Hensley v. Eckerhart*, 461 U.S. 424, 444 (1983).  Thus, an important public interest is served by allowing this case to proceed.

 

_____
Terrell N. Roberts, III
Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

**CERTIFICATE OF SERVICE**

A copy of the foregoing was mailed this 7th day of June, 2006 to:

Office of the Attorney General
Carl J. Schifferle, Esq.
441 Fourth Street, N.W.
Washington, D.C. 20001

                                                    _____
                                                    Terrell N. Roberts, III

Opp.stay.wpd