IN THE SUPERIOR COURT OF DISTRICT OF COLUMBIA

NATHANIEL HOWARD                          :
                                          :
        Plaintiffs,                       :
                                          :
v.                                        :    Case No. Civil 0002739-06
                                          :
DISTRICT OF COLUMBIA et al.               :
                                          :
        Defendants.                       :

### AFFIDAVIT OF SERVICE

The undersigned certified that: pursue

1.      I am over eighteen years of age, not a party to the above-captioned matter, and competent to testify on the matters set forth herein on the basis of my personal knowledge.

2.      I served the Defendant, Officer Tony Mason on April 12th, 2006 at the Metropolitan Police Department, 6th District, Washington, DC by delivering and leaving with him served a summons issued by the court on April 6, 2006, a copy of the complaint, and the Court's Pretrial Order dated April 6, 2006.

Dori Hadar
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

State of Maryland
Prince George's County,

Subscribed and given to before me this 30th day of May, 2006

Notary

APPOLLO CAMERON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 14, 2010

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

U0U2739-06

NATHANIEL HOWARD

*Plaintiff*

vs.                                                  Civil Action No. _____

OFFICER TONY MASON, Badge No. 4943 et al.
Metropolitan Police Department, 6th Dist.
100 42nd St. NE                    *Defendant*
Washington, D.C.
20019

## SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Terrell N. Roberts, III Esquire
Name of Plaintiff's Attorney

6801 Kenilworth Ave. Suite 202          By _____
Address                                              Deputy Clerk
Riverdale, MD 20737

(301) 699-0764                          Date _____
Telephone                      et al.

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Mr NATHANIEL A. HOWARD
       Vs.
OFFICER TONY MASON

C.A. No.      2006 CA 002739 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, **the** Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge PATRICIA A BRODERICK
Date:   April 6, 2006
Initial Conference: 9:30 am, Friday, July 07, 2006
Location:   Courtroom 112
              500 Indiana Avenue N.W.
              WASHINGTON, DC  20001

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

NATHANIEL HOWARD                          :
3227 D Street, S.E.                        :
Washington, D.C. 20019                     :
                                           :
         Plaintiff                         :
                                           :
                                           :          0002739-06
      v.                                   :     Civil No._____
                                           :
OFFICER TONY MASON, BADGE NO. 4943 :
Metropolitan Police Department, 6th Dist.  :
100 42ND St. NE                            :
Washington, D.C. 20019                     :
                                           :
                                           :
OFFICER MARVIN BRANCH,                     :
BADGE NO. 1355                             :            RECEIVED
Metropolitan Police Department, 6th Dist.  :            Civil Clerk's Office
100 42nd St. NE                            :
Washington, D.C. 20019                     :            APR 0 6 2006
                                           :
DISTRICT OF COLUMBIA                       :            Superior Court of the
Serve:                                     :            District of Columbia
                                           :            Washington, D.C.
Anthony A. Williams                        :
Mayor                                      :
District of Columbia                       :
John A. Wilson Building                    :
1350 Pennsylvania Avenue, NW               :
Washington, D.C. 20004                     :
                                           :
      and                                  :
                                           :
Gladys Herring                             :
Office of the Secretary                    :
John A. Wilson Building                    :
1350 Pennsylvania Avenue, NW               :
Suite 419                                  :
Washington, D.C. 20004                     :
                                           :
      and                                  :

-1-

Darlene Fields                        :
Office of the Attorney General for the District  :
of Columbia                        :
441 4th Street, NW               :
6th Floor                           :
Washington, D.C. 20001          :
                                 :
        Defendants.            :

## COMPLAINT
(Violation of Constitutional Rights)

### Count 1: 42 U.S. C. §1983, U.S. Const., Amend. IV:

1.      Subject matter jurisdiction is founded upon D.C. Code, §11-921. Personal jurisdiction is founded on D.C. Code, §13- 423.

2.      This is an action for money damages brought pursuant to 42 U.S.C., §1983 and the Fourth Amendment to the United States Constitution.

3.      Plaintiff Nathaniel Howard ("Howard") is a resident of the District of Columbia.

4.      Officer Tony Mason, Badge No. 4943 ("Mason") and Officer Marvin Branch, Badge No. 1355 ("Branch") at all times relevant to this action were duly appointed and sworn police officers of the District of Columbia, acting under color of their authority as police officers.

5.      On or about January 31, 2006, at about 9:00 p.m., Howard was in the backyard of his mother's house at 3227 D Street, S.E., Washington, D.C. Branch and Mason were on patrol in an unmarked car and drove through an alleyway behind the 3227 D Street address. They stopped the car and approached Howard. Branch and Mason asked Howard if he would allow them to handcuff him for their safety. Howard agreed. After Branch and Mason handcuffed Howard, they asked if they could search his pants. Howard told the officers that they

-2-

could get his identification card out of his wallet, which was in his pants pocket. However, the officers emptied out his pants pockets. Then Branch and Mason asked Howard if he would allow them to search inside of his pants. Howard refused. One of the officers said words to the effect: "I think he has it in his pants, probably in his groin area." They turned Howard around with his back to them. One of them said to the other, "pop the trunk." Howard saw the other officer retrieve a pair of elastic gloves and put them on. One of the officers put his arms around Howard's lower legs and yanked them out from under him. Howard fell on his right arm. He immediately screamed that his arm was broken. Branch and Mason ignored Howard and put him up on their car. While Howard screamed in pain, Branch and Mason physically penetrated his rectum in a search for drugs. The officers recovered nothing in the search.

6.    After significant delay, officers called for an ambulance, and Howard was transported to a hospital.

7.    As a direct and proximate result of the wrongful and illegal actions of Branch and Mason, Howard sustained a complete fracture of the right midshaft of the humerus. He has incurred expenses for physician, surgical and hospital care. He has suffered and will continue to suffer extreme pain in both body and mind and mental anguish. He is unable to secure gainful employment due to the disabling nature of the injury. He has suffered embarrassment, humiliation, and personal indignity. He lost time and had his normal daily activities disrupted, and suffered injury to his reputation.

8.    The actions of Branch and Mason violated the clearly established right under the Fourth Amendment right against unreasonable seizure and the use of excessive force.

9.    By letter dated February 27, 2006, Howard gave written notice of his claim to the

-3-

Mayor of the District of Columbia. The notice was sent by certified mail and was signed for on March 1, 2006.

## Count 2 – Assault and Battery:

10.    The allegations in paragraphs 1 through 9 are incorporated by reference as though fully set forth.

11.    Howard did not consent to a physical intrusion of his body. Nor did he consent to physically violent and excessively vicious acts, as alleged, committed by Branch and Mason against him.

11.    The actions of Branch and Mason constituted an assault and battery, in violation of the common law of the District of Columbia.

12.    The actions of Branch and Mason were committed within the scope of their employment for the District of Columbia.

## Count 3 – 42 U.S.C. §1983 Against District of Columbia:

13.    The allegations in paragraphs 1 through 12 are incorporated by reference as though fully set forth.

14.    Prior to January 31, 2006, the District of Columbia developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the city, which caused the violation of Howard's constitutional rights.

15.    It was the policy and/or custom of the District of Columbia to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the city.

16.    It was the policy and/or custom of the District of Columbia to inadequately train

-4-

and supervise its police officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The city did not require appropriate in-service training or retraining of officers who were known to have engaged in police misconduct.

17.    As a result of the above described policies and customs, police officers of the District of Columbia, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

18.    The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the city to the constitutional rights of persons within the city, and were the cause of the violation of Howard's rights alleged in this complaint.

WHEREFORE, Howard requests that this Court:

a.    Award compensatory damages in the amount of $2 million dollars to Howard against the defendants, jointly and severally;

b.    Award punitive damages to Howard against defendants Branch and Mason;

c.    Award costs of this action to Howard;

d.    Award reasonable attorney's fees and costs to Howard on Counts 1 and 3 of the complaint;

e.    Award such other relief as this Court deems appropriate and just.

Terrell N. Roberts, III, Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

-5-

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Terrell N. Roberts, III

# Superior Court of the District of Columbia

## CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

NATHANIEL HOWARD

Case Number: _____

vs.

Date: _____

DISTRICT OF COLUMBIA, et al.

---

Name: *(please print)*
Terrell N. Roberts, III, Esquire

Firm Name:
Roberts & Wood        965061

Telephone No.:        Unified Bar No.:
301-699-0764

Relationship to Lawsuit

☐ Attorney for Plaintiff

☐ Self (Pro Se)

Other:_____

TYPE OF CASE:  ☐ Non-Jury      ☑ 6 Person Jury      ☐ 12 Person Jury

Demand: $ 2,000,000.00 _____      Other: _____

## PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. _____ Judge _____ Calendar # _____

Case No. _____ Judge _____ Calendar # _____

---

NATURE OF SUIT:  *(Check One Box Only)*

**A. CONTRACTS**
☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Other: _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**
☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 3-441

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Other: Sec. 1983

**C. PERSONAL TORTS**
☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☑ 03 Assault and Battery
☐ 04 Automobile
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical
☐ 16 Negligence

☑ 17 Personal Injury
☐ 18 Wrongful Death
☐ 19 Wrongful Eviction
☑ 20 Other: _____
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts

**SEE REVERSE SIDE AND CHECK HERE ☐ IF USED**

rm CV(6)-496/Feb. 95