IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NATHANIEL HOWARD                              :
                                             :
              Plaintiff                       :
      v.                                      :        Case No. 06-0885 (ESH)
                                             :
DISTRICT OF COLUMBIA et al.                   :
                                             :
              Defendants.                     :

## AFFIDAVIT OF NON-SERVICE ON OFFICER JONATHAN BRANCH

Doron Hadar deposes and states:

1.      I am over eighteen years of age, not a party to the above-captioned matter, and competent to testify on the matters set forth herein on the basis of my personal knowledge.

2.      I was unable to serve process issued by the Superior Court of the District of Columbia on April 6, 2006 in the above case on the Defendant Officer Jonathan Branch of the Metropolitan Police Department, 6th District, Washington, DC.  I made several unsuccessful efforts to serve Officer Branch at the 6th District on April 11, 12, and 17, and May 17 and 18 of 2006.  The attached memorandum, Ex. 1, dated May 30, 2006 was written by me and is true.

3.      The process I was unable to serve on Officer Branch included a summons issued by the Superior Court on April 6, 2006, a copy of the complaint, an initial court order, and an information sheet.  Process is attached.  See Ex. 2

Doron Hadar
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

State of Maryland

Prince George's County, ss:

Subscribed and sworn before me a Notary this _14_ day of June, 2006

_____
Notary

The District of Columbia: ss
subscribed and sworn to before me
this _14_ day of _June_ 2006

Lisa Renee Johnson
Notary Public, DC
My commission expires 10/14/2006

Memo

To: Terry
From: Dori
Date: 5/30/06
Subject: Officer Branch service attempts

Terry, below is a log of all of my attempts to serve Officers Branch and Mason at the 6-D police station.

Please note that when I visited the station I referred to the officers as "Officer Mason" and "Officer Branch," and did not use their first names. Whoever I spoke to at the station during each visit knew exactly who I was looking for, so there was no confusion as to whether I was looking for a Marvin Branch or a Jonathan Branch.

- April 11th, 2006
  - 4:30pm
    - Notified Officer Vera Worsley at front desk that I had summonses for Officers Mason and Branch
    - Officer Worsley advised that Branch was not in the building, but she located Officer Mason in the station via telephone and he said he was on his way to the front desk to meet with me. He never showed up.
    - Officer Worsley advised that both officers begin their shifts at 3:00pm, and suggested that I come in at that time of the day to catch them.

- April 12th, 2006
  - 2:45pm
    - Notified "Lisa" at front desk that I had summonses for Officers Mason and Branch
    - Asked to speak with the Evening Shift Commander to notify him that I was there to serve summonses for Officers Branch and Mason
    - Evening Shift Commander K. Deville advised that he would attempt to reach the officers to notify them that I was in the lobby with summonses.
  - 3:15pm
    - Sgt. Gainey (not exactly sure of his title, but he indicated that he had some sort of supervisory role regarding the two officers) introduced himself in the front lobby and asked what the summonses were in reference to. After showing him a summons he advised that he would attempt to contact them. He noted that officers are often in court and therefore may not be available at the station.

EXHIBIT 1

- Sgt. Gainey advised that he cannot "order" an officer to make himself available for service, but that he would most definitely encourage Branch and Mason to do so. He suggested contacting General Counsel if we have further problems reaching them.
- Gave Sgt. Gainey one business card for each officer with note written at top: "Please call regarding service of summons – 240.441.6208". The telephone number given is my cell phone number. Sgt. Gainey said that he would pass them on to each officer.

- 4:15pm
  - While in DC Superior Court, received phone call from Officer Mason. I told him that I had a summons to serve to him and he told me that he was in the courthouse. I told him that I too was in the courthouse, and asked what courtroom he was in. He told me he'd have to call me right back and quickly got off the phone.

- 4:45pm
  - Called Mason back and again asked him what courtroom he was in. He told me that he was actually on his way back to 6-D. I told him I'd head right over there to catch him, and he said he'd be there for "a while".

- 5:30pm
  - Notified Vera Worsley at the front desk that I was there to meet Officer Mason, and was told that he wasn't there. I said that he told me to meet him there, but she stated that he definitely wasn't around. I asked her to page him and she did so.
  - 5 minutes later Officer Mason entered the lobby and introduced himself. He asked what this was all about and I gave him the summons, pointing out the section detailing the allegations. He read the entire summons in front of me and had no visible reaction whatsoever to what he read.

- 5:45
  - Evening Shift Commander K. Deville angrily waved me to the front desk and advised me that he was under no obligation to require an officer to meet with me. He held out a copy of the General Orders, but when I reached for it to read he snatched it away and told me with a very rude tone that I had to read it while it was in his hands. I did so. It stated that officers are not obligated to receive service, but that evading service may result in an officer being held in contempt and liable for costs and expenses. He then told me that he can encourage officers to be professionals, but he can't force them to do so.

- 6:00
  - Left another business card with note for Officer Branch

- April 17th, 2006
  - 2:45pm

- Asked attendant at front desk for Officer Branch, unidentified officer advised that he was in court. I inquired as to whether he would return to the station afterwards and was told "probably not."

- Note: At this point I decided to ease up on my attempts to serve Officer Branch since the nature of my visit was obvious due to the recent service of Officer Mason. On each of my previous service attempts I either notified a superior or left him a note, so there is no doubt in my mind that he was aware of my attempts to serve him.

  Department procedures indicate that "if the officer is not available to be served, the officer shall be notified of the visit and of the *time and date when process server will again attempt service*." Through previous experience I have come to learn that police officers' schedules change constantly. Rather than leaving a time and date of my next attempt, instead I left a note with my telephone number so that we could arrange a time when the officer was available.

- May 17th, 2006
  - 6:20pm
    - Asked Vera Worsley at front desk to page Officer Branch, she advised that his shift would begin at 3:00pm the following day
    - Requested to speak with Sgt. Gainey or K. Deville, but neither was available.
    - Left business card for Officer Branch.

- May 18th, 2006
  - 2:50pm
    - Officer C. Awkward at front desk advised that he just saw Branch in the station. He went to look for him but returned saying that he was in court (didn't seem like he was telling the truth, though).

The attempts listed above constitute all of my *documented* efforts. I'd estimate that I stopped by the station approximately 3 or 4 additional times at approximately 2:45pm (just before the beginning of Officer Branch's shift) but each time I was told that he was on the street or in court.



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Mr NATHANIEL A. HOWARD
    Vs.                                                    C.A. No.        2006 CA 002739 B
OFFICER TONY MASON

### INITIAL ORDER

      Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

      (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

      (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

      (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

      (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

      (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                    Chief Judge Rufus G. King, III

Case Assigned to:  Judge PATRICIA A BRODERICK
Date:   April 6, 2006
Initial Conference: 9:30 am, Friday, July 07, 2006
Location:   Courtroom 112
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001

EXHIBIT 2
Caio.doc

CA Form 1

# Superior Court of the District of Columbia

**CIVIL DIVISION**

500 Indiana Avenue, N.W., Room JM-170

Washington, D.C. 20001 Telephone: 879-1133

NATHANIEL HOWARD

0002739-06

*Plaintiff*

vs.

Civil Action No. _____

OFFICER MARVIN BRANCH Badge #1355
Metropolitan Police Dept.
6th Dist.
Washington, D.C.           *Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Terrell N. Roberts, III Esquire
Name of Plaintiff's Attorney

6801 Kenilworth Ave. Suite 202          By _____
Address
Riverdale, MD  20737                             Deputy Clerk

(301) 699-0764                           Date _____
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

NATHANIEL HOWARD
3227 D Street, S.E.
Washington, D.C. 20019

     Plaintiff

    v.

OFFICER TONY MASON, BADGE NO. 4943
Metropolitan Police Department, 6th Dist.
100 42ND St. NE
Washington, D.C. 20019

OFFICER MARVIN BRANCH,
BADGE NO. 1355
Metropolitan Police Department, 6th Dist.
100 42nd St. NE
Washington, D.C. 20019

DISTRICT OF COLUMBIA
Serve:

Anthony A. Williams
Mayor
District of Columbia
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004

    and

Gladys Herring
Office of the Secretary
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Suite 419
Washington, D.C. 20004

    and

Civil No._____    0002739-06

RECEIVED
Civil Clerk's Office

APR 0 6 2006

Superior Court of the
District of Columbia
Washington, D.C.

-1-

Darlene Fields                                        :
Office of the Attorney General for the District   :
of Columbia                                          :
441 4th Street, NW                                  :
6th Floor                                            :
Washington, D.C. 20001                          :
                                                          :
            Defendants.                              :

## COMPLAINT
(Violation of Constitutional Rights)

### Count 1: 42 U.S. C. §1983, U.S. Const., Amend. IV:

1.      Subject matter jurisdiction is founded upon D.C. Code, §11-921.  Personal

jurisdiction is founded on D.C. Code, §13- 423.

2.      This is an action for money damages brought pursuant to 42 U.S.C., §1983 and

the Fourth Amendment to the United States Constitution.

3.      Plaintiff Nathaniel Howard ("Howard") is a resident of the District of Columbia.

4.      Officer Tony Mason, Badge No. 4943 ("Mason") and Officer Marvin Branch,

Badge No. 1355 ("Branch") at all times relevant to this action were duly appointed and sworn

police officers of the District of Columbia, acting under color of their authority as police officers.

5.      On or about January 31, 2006, at about 9:00 p.m., Howard was in the backyard

of his mother's house at 3227 D Street, S.E., Washington, D.C.  Branch and Mason were on

patrol in an unmarked car and drove through an alleyway behind the 3227 D Street address.

They stopped the car and approached Howard.  Branch and Mason asked Howard if he would

allow them to handcuff him for their safety.   Howard agreed.  After Branch and Mason

handcuffed Howard, they asked if they could search his pants.  Howard told the officers that they

-2-

could get his identification card out of his wallet, which was in his pants pocket. However, the officers emptied out his pants pockets. Then Branch and Mason asked Howard if he would allow them to search inside of his pants. Howard refused. One of the officers said words to the effect: "I think he has it in his pants, probably in his groin area." They turned Howard around with his back to them. One of them said to the other, "pop the trunk." Howard saw the other officer retrieve a pair of elastic gloves and put them on. One of the officers put his arms around Howard's lower legs and yanked them out from under him. Howard fell on his right arm. He immediately screamed that his arm was broken. Branch and Mason ignored Howard and put him up on their car. While Howard screamed in pain, Branch and Mason physically penetrated his rectum in a search for drugs. The officers recovered nothing in the search.

6.      After significant delay, officers called for an ambulance, and Howard was transported to a hospital.

7.      As a direct and proximate result of the wrongful and illegal actions of Branch and Mason, Howard sustained a complete fracture of the right midshaft of the humerus. He has incurred expenses for physician, surgical and hospital care. He has suffered and will continue to suffer extreme pain in both body and mind and mental anguish. He is unable to secure gainful employment due to the disabling nature of the injury. He has suffered embarrassment, humiliation, and personal indignity. He lost time and had his normal daily activities disrupted, and suffered injury to his reputation.

8.      The actions of Branch and Mason violated the clearly established right under the Fourth Amendment right against unreasonable seizure and the use of excessive force.

9.      By letter dated February 27, 2006, Howard gave written notice of his claim to the

Mayor of the District of Columbia. The notice was sent by certified mail and was signed for on
March 1, 2006.

## Count 2 – Assault and Battery:

10.    The allegations in paragraphs 1 through 9 are incorporated by reference as
though fully set forth.

11.    Howard did not consent to a physical intrusion of his body. Nor did he consent
to physically violent and excessively vicious acts, as alleged, committed by Branch and Mason
against him.

11.    The actions of Branch and Mason constituted an assault and battery, in violation
of the common law of the District of Columbia.

12.    The actions of Branch and Mason were committed within the scope of their
employment for the District of Columbia.

## Count 3 – 42 U.S.C. §1983 Against District of Columbia:

13.    The allegations in paragraphs 1 through 12 are incorporated by reference as
though fully set forth.

14.    Prior to January 31, 2006, the District of Columbia developed and maintained
policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the
city, which caused the violation of Howard's constitutional rights.

15.    It was the policy and/or custom of the District of Columbia to inadequately and
improperly investigate citizen complaints of police misconduct, and acts of misconduct were
instead tolerated by the city.

16.    It was the policy and/or custom of the District of Columbia to inadequately train

-4-

and supervise its police officers, thereby failing to adequately discourage further constitutional

violations on the part of its police officers. The city did not require appropriate in-service

training or retraining of officers who were known to have engaged in police misconduct.

17.    As a result of the above described policies and customs, police officers of the

District of Columbia, including the defendant officers, believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or

sanctioned, but would be tolerated.

18.    The above described policies and customs demonstrated a deliberate indifference

on the part of policymakers of the city to the constitutional rights of persons within the city, and

were the cause of the violation of Howard's rights alleged in this complaint.

WHEREFORE, Howard requests that this Court:

a.    Award compensatory damages in the amount of $2 million dollars to Howard

against the defendants, jointly and severally;

b.    Award punitive damages to Howard against defendants Branch and Mason;

c.    Award costs of this action to Howard;

d.    Award reasonable attorney's fees and costs to Howard on Counts 1 and 3 of the

complaint;

e.    Award such other relief as this Court deems appropriate and just.

Terrell N. Roberts, III, Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

-5-

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Terrell N. Roberts, III

# Superior Court of the District of Columbia
## CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

NATHANIEL HOWARD

*vs.*

DISTRICT OF COLUMBIA, et al.

Case Number: _____

Date: _____

Name: *(please print)*
Terrell N. Roberts, III, Esquire

Firm Name:
Roberts & Wood     965061

Telephone No.:      Unified Bar No.:
301-699-0764

Relationship to Lawsuit

☐ Attorney for Plaintiff

☐ Self (Pro Se)

Other:_____

TYPE OF CASE:  ☐ Non-Jury     ☑ 6 Person Jury     ☐ 12 Person Jury

Demand: $ 2,000,000.00 _____     Other: _____

## PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Calendar # _____

Case No. _____ Judge _____     Calendar # _____

Case No. _____ Judge _____

NATURE OF SUIT:  *(Check One Box Only)*

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**A. CONTRACTS**
☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Other: _____
☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**B. PROPERTY TORTS**
☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 3-441
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass
☐ 06 Other: _Sec. 1983_

**C. PERSONAL TORTS**
☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☑ 03 Assault and Battery
☐ 04 Automobile
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud
☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical
☐ 16 Negligence
☑ 17 Personal Injury
☐ 18 Wrongful Death
☐ 19 Wrongful Eviction
☑ 20 Other: _____
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

Form CV(6)-496/Feb. 95