IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NATHANIEL HOWARD           :
        Plaintiff          :
v.                                      :   Case No. 06-0885 (ESH)
                                        :
DISTRICT OF COLUMBIA et al.      :
        Defendants.       :

### MOTION FOR SERVICE OF PROCESS BY US MARSHALL

Nathaniel Howard, plaintiff, by his attorney, moves the Court pursuant to Rule 4 c (2) for an order directing the United States Marshall to serve process on the defendant Officer Jonathan Branch.

This motion is made upon the following grounds:

1. The plaintiff initially filed this action on April 6, 2006 in the Superior Court for the District of Columbia.

2. Defendants District of Columbia and Officer Tony Mason were served with process. On May 10, 2006, the District of Columbia filed a notice of removal in this Court.

3. Plaintiff is unable to serve the defendant Officer Jonathan Branch.[1] Plaintiff's agent, Dori Hadar, has made five attempts to deliver process to Officer Branch at his place of work, which is the Sixth District of the Metropolitan Police Department. See affidavit of Dori Hadar attached. It is apparent that Officer Jonathan Branch is aware that Mr. Hadar is attempting to serve him with process and is avoiding.

---

[1] Plaintiff's complaint originally named Officer Marvin Branch, Badge No. 1355, as a defendant. Later, plaintiff discovered he had obtained the wrong first name for the officer; that the correct first name of the officer was Jonathan. On June 13, 2006, plaintiff amended the complaint to correctly allege the first name of Officer Branch.

4. According to the General Orders of the Metropolitan Police Department, superior officers cannot command police officers to accept summons. Based upon the affidavit of Mr. Hadar, it is apparent that Officer Branch will not voluntarily meet with Mr. Hadar to be served.

5. Plaintiff's agent has made efforts to determine Officer Branch's home address without success.

6. This is a case where a US Marshall could easily serve the summons, because it is not likely that Officer Branch will refuse to cooperate with a US Marshall.

Based upon the foregoing, the Court should issue an order directing the US Marshall to serve process on the defendant Officer Jonathan Branch.

> Terrell N. Roberts, III
> Attorney for Plaintiff
> 6801 Kenilworth Avenue, Suite 202
> Riverdale, Maryland 20737
> (301) 699-0764

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this 15th day of June, 2006 to:

> Office of the Attorney General
> Carl J. Schifferle, Esq.
> 441 Fourth Street, N.W.
> Washington, D.C. 20001

> Terrell N. Roberts, III

Motion.marshallserv

IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NATHANIEL HOWARD      :
                     :
    Plaintiff        :
v.                   :   Case No. 06-0885 (ESH)
                     :
DISTRICT OF COLUMBIA et al.   :
                     :
    Defendants.      :

### AFFIDAVIT OF NON-SERVICE ON OFFICER JONATHAN BRANCH

Doron Hadar deposes and states:

1. I am over eighteen years of age, not a party to the above-captioned matter, and competent to testify on the matters set forth herein on the basis of my personal knowledge.

2. I was unable to serve process issued by the Superior Court of the District of Columbia on April 6, 2006 in the above case on the Defendant Officer Jonathan Branch of the Metropolitan Police Department, 6th District, Washington, DC. I made several unsuccessful efforts to serve Officer Branch at the 6th District on April 11, 12, and 17, and May 17 and 18 of 2006. The attached memorandum, Ex. 1, dated May 30, 2006 was written by me and is true.

3. The process I was unable to serve on Officer Branch included a summons issued by the Superior Court on April 6, 2006, a copy of the complaint, an initial court order, and an information sheet. Process is attached. See Ex. 2

_____
Doron Hadar
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

State of Maryland

Prince George's County, ss:

Subscribed and sworn before me a Notary this 14 day of June, 2006

_____
Notary

The District of Columbia: ss
subscribed and sworn to before me
this 14 day of Jun 2006
Lisa Renee Johnson
Notary Public, DC
My commission expires 10/14/2006

Memo

To: Terry
From: Dori
Date: 5/30/06
Subject: Officer Branch service attempts

Terry, below is a log of all of my attempts to serve Officers Branch and Mason at the 6-D police station.

Please note that when I visited the station I referred to the officers as "Officer Mason" and "Officer Branch," and did not use their first names. Whoever I spoke to at the station during each visit knew exactly who I was looking for, so there was no confusion as to whether I was looking for a Marvin Branch or a Jonathan Branch.

- April 11th, 2006
    - 4:30pm
        - Notified Officer Vera Worsley at front desk that I had summonses for Officers Mason and Branch
        - Officer Worsley advised that Branch was not in the building, but she located Officer Mason in the station via telephone and he said he was on his way to the front desk to meet with me. He never showed up.
        - Officer Worsley advised that both officers begin their shifts at 3:00pm, and suggested that I come in at that time of the day to catch them.

- April 12th, 2006
    - 2:45pm
        - Notified "Lisa" at front desk that I had summonses for Officers Mason and Branch
        - Asked to speak with the Evening Shift Commander to notify him that I was there to serve summonses for Officers Branch and Mason
        - Evening Shift Commander K. Deville advised that he would attempt to reach the officers to notify them that I was in the lobby with summonses.
    - 3:15pm
        - Sgt. Gainey (not exactly sure of his title, but he indicated that he had some sort of supervisory role regarding the two officers) introduced himself in the front lobby and asked what the summonses were in reference to. After showing him a summons he advised that he would attempt to contact them. He noted that officers are often in court and therefore may not be available at the station.

EXHIBIT 1

- Sgt. Gainey advised that he cannot "order" an officer to make himself available for service, but that he would most definitely encourage Branch and Mason to do so. He suggested contacting General Counsel if we have further problems reaching them.
- Gave Sgt. Gainey one business card for each officer with note written at top: "Please call regarding service of summons – 240.441.6208". The telephone number given is my cell phone number. Sgt. Gainey said that he would pass them on to each officer.

- 4:15pm
  - While in DC Superior Court, received phone call from Officer Mason. I told him that I had a summons to serve to him and he told me that he was in the courthouse. I told him that I too was in the courthouse, and asked what courtroom he was in. He told me he'd have to call me right back and quickly got off the phone.
- 4:45pm
  - Called Mason back and again asked him what courtroom he was in. He told me that he was actually on his way back to 6-D. I told him I'd head right over there to catch him, and he said he'd be there for "a while".
- 5:30pm
  - Notified Vera Worsley at the front desk that I was there to meet Officer Mason, and was told that he wasn't there. I said that he told me to meet him there, but she stated that he definitely wasn't around. I asked her to page him and she did so.
  - 5 minutes later Officer Mason entered the lobby and introduced himself. He asked what this was all about and I gave him the summons, pointing out the section detailing the allegations. He read the entire summons in front of me and had no visible reaction whatsoever to what he read.
- 5:45
  - Evening Shift Commander K. Deville angrily waved me to the front desk and advised me that he was under no obligation to require an officer to meet with me. He held out a copy of the General Orders, but when I reached for it to read he snatched it away and told me with a very rude tone that I had to read it while it was in his hands. I did so. It stated that officers are not obligated to receive service, but that evading service may result in an officer being held in contempt and liable for costs and expenses. He then told me that he can encourage officers to be professionals, but he can't force them to do so.
- 6:00
  - Left another business card with note for Officer Branch

- April 17th, 2006
  - 2:45pm

- Asked attendant at front desk for Officer Branch, unidentified officer advised that he was in court. I inquired as to whether he would return to the station afterwards and was told "probably not."

- Note: At this point I decided to ease up on my attempts to serve Officer Branch since the nature of my visit was obvious due to the recent service of Officer Mason. On each of my previous service attempts I either notified a superior or left him a note, so there is no doubt in my mind that he was aware of my attempts to serve him.

Department procedures indicate that "if the officer is not available to be served, the officer shall be notified of the visit and of the *time and date when process server will again attempt service*." Through previous experience I have come to learn that police officers' schedules change constantly. Rather than leaving a time and date of my next attempt, instead I left a note with my telephone number so that we could arrange a time when the officer was available.

- May 17th, 2006
    - 6:20pm
        - Asked Vera Worsley at front desk to page Officer Branch, she advised that his shift would begin at 3:00pm the following day
        - Requested to speak with Sgt. Gainey or K. Deville, but neither was available.
        - Left business card for Officer Branch.

- May 18th, 2006
    - 2:50pm
        - Officer C. Awkward at front desk advised that he just saw Branch in the station. He went to look for him but returned saying that he was in court (didn't seem like he was telling the truth, though).

The attempts listed above constitute all of my *documented* efforts. I'd estimate that I stopped by the station approximately 3 or 4 additional times at approximately 2:45pm (just before the beginning of Officer Branch's shift) but each time I was told that he was on the street or in court.