IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NATHANIEL HOWARD

    Plaintiff

vs.    Civil No. 06-0885 (ESH)

THE DISTRICT OF COLUMBIA, et al

    Defendants

**RECEIVED**
NOV 0 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO COMPEL

Nathaniel Howard, plaintiff, pursuant to F.R.Civ. P. 37, moves the Court for an order to compel discovery.

This motion is made upon the following grounds.

The defendant District of Columbia ("the District") has served answers to plaintiff's interrogatories and requests for production of documents. Several answers and responses are insufficient and fail to provide discovery known or available to the District.

The District's answers and responses which are insufficient and plaintiff's reasons for challenging them are as follows:

<u>INTERROGATORY NO. 22</u>: State the facts and circumstances of any internal police investigation which was done of the occurrence during the week following the occurrence.

ANSWER: Objection. This interrogatory may request information protected by the law enforcement privilege, as any law enforcement investigation is ongoing.

**Reasons to Compel: It is one thing to say that a law enforcement investigation is ongoing and that the investigation may not be completed. However, it is another to say that such investigation is "privileged." The claim of privilege, first, lacks sufficient legal foundation.**

**The District has not come forward with an affidavit by a competent official justifying the claim of privilege. See, Black v. Sheraton Corp., 564 F.2d 531, 543 (DC Cir. 1977)(where executive seeks to withhold from court documents relevant to civil or criminal lawsuit, claim of privilege must meet strict requirements, including affidavit of responsible head of department based on actual personal considerations of the affiant official explaining why the documents fall with the scope of the privilege). Here the District's assertion of privilege is broad and undifferentiated and does not explain why a "law enforcement privilege," as such, applies. Any such claim of privilege must yield to the discovery of factually relevant information which pertains to this case.**

INTERROGATORY NO. 23: Describe the vehicle in which defendants Branch and Mason were driving on duty at the time of the occurrence, including a description of the make and model, color, and tag number.

ANSWER: Objection. This request seeks information protected by the law enforcement privilege. Without waiver of any objection. Officers Branch and Mason were driving an unmarked vehicle with D.C. tags.

**Reason to compel: The answer does not provide the make and model and tag number of the vehicle in question and therefore the answer is insufficient.**

INTERROGATORY NO. 24: Describe the vehicle in which other police officers arrived on the scene of the occurrence, including a description of the make and model, color, and tag number.

ANSWER: Once the District identifies other police officers who arrived on the scene, the District will provide the information being requested in Interrogatory No. 24 in a supplemental response in accord with Fed. R. Civ. P. 33.

**Reason to compel: The District has sufficient sources of information to answer this interrogatory. They have the tapes of police communications and the computer records of such communications from which to determine the identity of the officers who arrived on the scene. (The District has not provided such tapes, although they have been requested. See motion to compel with respect to request for production of documents numbered 7, infra.)**

INTERROGATORY NO. 25: Give a complete physical description by height, weight, skin completion [sic], hair length and cut, and clothing of the defendant police officers at the time of the occurrence.

ANSWER: Officers Mason and Officer Branch would have the information responsive to this request.

**Reason to compel: The District has records of the requested information on file on each police officer to answer some or all of this interrogatory.**

INTERROGATORY NO. 26: Identify each police officer who came to the scene of the occurrence after the plaintiff's arm was broken.

ANSWER: Objection. This interrogatory exceeds the number of interrogatories (25) permitted by rule. Without waiver of any objection, Officer Ronald Royster arrived on the scene after plaintiff was injured. Officers Mason and Branch may have additional information that is responsive to this interrogatory.

**Reason to compel: The District has sufficient sources of information to answer this interrogatory, including Officer Ronald Royster, whom it has identified as a police officer**

who came to the scene, and police communications and computer records from which to determine the identity of the officers who arrived on the scene.

REQUEST NO. 2: Produce documents and writings of any police investigation, internal affairs investigation, or investigation of any kind conducted by the Metropolitan Police Department of the occurrence. This request includes documents and writing generated in that investigation, including investigative reports, witness statements, officer notes, photographs, testimony, correspondence, decisions, findings and recommendations made by the entity charged with the investigation or anyone asked to conduct or review the investigation.

ANSWER: Please see response to Request No. 1. [Answer to Request No. 1: Objection. This request may inquire about information protected by the law enforcement privilege, as any law enforcement investigation is ongoing. Without waiver of any objection, please see P.D. 251, MPD Incident Report, (hereinafter "Exhibit A").]

**Reason to Compel: For the same reasons set forth above as to to answer interrogatory numbered 22, this answer is insufficient.**

REQUEST NO. 5: Work schedule, squar roster, and attendance records of the defendant police officers for the date of the occurrence.

ANSWER: Objection. This request is overly broad and unduly burdensome. At the time of the incident Officers Branch and Mason were working on the 3 p.m. to 11 p.m. shift.

**Reason to compel: The request is limited to a single date and it is difficult to imagine how this request is overbroad and/or burdensome.**

REQUEST NO. 7: Tapes of police radio communications and 911 calls regarding the occurrence.

ANSWER: The M.D. radio tape is at the U.S. Attorney's Office. Undersigned counsel has requested that the U.S. Attorney's Office provide a copy.

**Reason to Compel: The copy of the tape, if it can't be obtained from the US Attorney, can be obtained from the police department.**

REQUEST NO. 10: The police department's photograph of Officer Jonathan Branch and Officer Tony Mason must close in time to the date of the occurrence.

ANSWER: Objection. Personnel information within the custody of the District of Columbia is not subject to release pursuant to statute. See D.C. Official Code §1-631.03, 5-113.01(3), 5-113.06 (2001), and D.P.M. Chapter §3113.1 and 3113.6. In addition, defendant objects based on the law enforcement privilege, due to the nature of the officers' assignment.

**Reason to Compel: The officers' photographs are discoverable because it may lead to the discovery of admissible evidence, such as identification of the officer responsible for the unconstitutional acts committed in this case. The plaintiff does not know the officers by name, so a photograph of each may be helpful to distinguish between the two of them.**

REQUEST NO. 11: All documents and writings made or generated as a result of the use of force by either defendant police officer against the plaintiff.

ANSWER: Defendant denies the allegations of use of force.

**Reason to compel: The asserted reason for denial of disclosure is insufficient. Plaintiff suffered a fractured right arm in the incident. It would seem that the defendants' denial of the allegations of excessive force is no reason not to provide relevant documents.**

REQUEST NO. 12: Ambulance reports of any ambulance that came to the scene and/or carried any of the plaintiff to a hospital.

ANSWER: Please see Exhibit D. Plaintiff already has possession of the ambulance run sheet.

**Reason to compel: Exhibit D was not attached to the response.**

REQUEST NO. 16: All documents that contain the content and substance of training which Officers Jonathan Branch and Tony Mason received to prepare them to serve as police officers.

ANSWER: Objection. This Request No. 16 is overly broad, ambiguous and unduly burdensome. Additionally, personnel information within the custody of the District of Columbia is not subject to release pursuant to statute. See D.C. Official Code §1-631.03, 5-113.01(3), 5-113.06 (2001), and D.P.M. Chapter 31A §3113.1 and 3113.6.

**Reason to Compel: Documents concerning the officers' training are relevant to the plaintiff's claims of excessive force and unconstitutional search. If the officers failed to conform to the training they received, it is potentially relevant to demonstrate the unlawfulness or unconstitutionality of their actions. If the officers contend they acted in accordance with their training, then training records are relevant to dispute such claim.**

                                   Terrell N. Roberts, III
                                   Attorney for Plaintiff
                                   6801 Kenilworth Avenue, Suite 202
                                   Riverdale, Maryland 20737
                                   (301) 699-0764

**CERTIFICATE OF SERVICE**

A copy hereof was mailed this /s/ day of November, 2006 to:

Office of the Attorney General
Carl J. Schifferle, Esq.
441 Fourth Street, N.W.
Washington, D.C. 20001

_____
Terrell N. Roberts, III


Motion to compel.wpd
Motion to compel.wpd