IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NATHANIEL HOWARD

    Plaintiff

vs.                                        Civil No. 06-0885 (ESH)

THE DISTRICT OF COLUMBIA, et al

    Defendants

## MOTION TO AMEND SCHEDULING ORDER TO PERMIT EXPERT DISCLOSURES

Nathaniel Howard, defendant, by counsel, moves the Court to amend the scheduling order to permit the plaintiff to identify retained experts reports regarding plaintiff's disability and loss of earning capacity.

Plaintiff filed this action in Superior Court for the District of Columbia on April 6, 2006. The complaint alleged that on January 21, 2006, Metropolitan Police Officers Tony Mason and Marvin Branch violated the plaintiff's constitutional right against the use of excessive force. Plaintiff alleged that the officers fractured his right arm when they suddenly pulled his legs out from him, causing him to fall and sustain a complete fracture of the mishaft of the humerus. The plaintiff alleges that the officers then searched his rectum for drugs.

Within days of his injury, plaintiff came under the care of Dr. Michael Blundon, a board certified orthopaedic surgeon. Dr. Blundon treated plaintiff conservatively with physical therapy. However, he determined that the fracture did not show good healing and that the plaintiff needed surgery. On March 24, 2006, Dr. Blundon performed an open reduction and internal fixation with Synthes intramedullary nail. Plaintiff continued to treat with Dr. Blundon. By note dated May 23, 2007, Dr. Blundon stated that the plaintiff "does not have good evidence of good union and I do not feel he will ever have a strong union of the bone fragments." Dr. Blundon stated

that plaintiff was disabled from work and that he would see him back for re-evaluation in one month. He stated that the plaintiff a 40% permanent partial disability of the arm. Dr. Blundon further stated that plaintiff is able to do sedentary work, "but from a functional point of view, he is totally disabled with respect to work." Although Dr. Blundon's note is dated May 23, 2007, it indicates that it was not mailed to plaintiff's attorney until August 8, 2007. See attached Ex. 1.

According to docket entries in this case, the Court issued a scheduling order on November 21, 2006 indicating that plaintiff Rule 26 (a)(2)(b) disclosures were due on February 16, 2007.

This case came on for status conference on August 3, 2007, plaintiff made known to the Court that the plaintiff was still under treatment with Dr. Blundon and that Dr. Blundon had yet to opine on permanency. The Court advised plaintiff's counsel to obtain Dr. Blundon's final opinion and to produce all expert reports by the end of August 2007. Defendants' counsel did not voice any objection to the Court's statement..

Immediately after the status conference, plaintiff's counsel thus conferred with Dr. Blundon shortly after August 3rd. Dr. Blundon indicated that plaintiff had reached maximum medical improvement and that plaintiff was disabled from work. He further indicated that he would send counsel a report on this point and would address other questions such as plaintiff's need for future medical care and the cost. Dr. Blundon provided his report dated August 21, 2007.

Armed with Dr. Blundon's opinion, plaintiff's counsel sought the opinion of vocational rehabilitation expert (Lee Mintz) and an economist (Richard Lurito) concerning the plaintiff's probable loss of earnings. Plaintiff secured reports from these experts and promptly provided them to defendants' lawyer on August 31, 2007. See plaintiff's exhibit 2.

By letter dated September 19, 2007, defendants' counsel objected to the reports of the experts based upon the fact that the reports were not furnished by the February 16, 2007 date for making plaintiff's expert disclosures.

The Court should permit the plaintiff to designate experts beyond the February 16, 2007 deadline. Plaintiff has not finished treatment by that date and Dr. Blundon had not arrived at his opinion concerning plaintiff's disability and need for future medical treatment. Additionally, Dr. Blundon did not send his May 23, 2007 progress note to plaintiff's counsel until August 8, 2007. Thus, plaintiff's counsel had no way of knowing Dr. Blundon had reached the opinion he did until August 8, 2007.

There are other equitable factors at play. The defendant officers have had the benefit of stay of the proceedings against them for a lengthy period of time. During the stay, plaintiff's counsel was unable to depose them or obtain discovery from them. Further, plaintiff's counsel agreed to allow defendants' counsel to depose Tanya Easter on August 21, 2007, well beyond the discovery deadline.

Defendants are not prejudiced if the Court permits the plaintiff to disclose experts beyond the earlier deadline. A trial date has not been set. Further, there is ample time for defendants to depose these experts and for the defendants to secure their own experts.

Based upon the foregoing, the Court should permit amend the scheduling order to permit the plaintiffs to designate Lee Mintz and Dr. Richard Lurito as retained experts and to permit Dr. Blundon to render opinions as set forth in his recent reports.

Terrell N. Roberts, III<br>
Attorney for Plaintiff<br>
6801 Kenilworth Avenue, Suite 202<br>
Riverdale, Maryland 20737<br>
(301) 699-0764

## CERTIFICATE OF SERVICE

A copy hereof was mailed this _____ day of September, 2007, to:

Office of the Attorney General
Carl J. Schifferle, Esq.
441 Fourth Street, N.W.
Washington, D.C. 20001


_____
Terrell N. Roberts, III

Howard.motion.wpd