UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL HOWARD )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>OFFICER TONY MASON, *et al.*, )<br>)<br>    Defendants. )<br>_____) | Civil Action No. 06-0885 (ESH) |

DEFENDANTS' JOINT MOTION IN LIMINE

Defendants, the District of Columbia, Officers Tony Mason and Jonathan Branch ("Defendants"), by and through their undersigned counsel, respectfully request that the Court exclude certain evidence proffered by Plaintiff in this matter. Defendants refer the Court to the attached Memorandum of Points and Authorities in support of their Motion. Pursuant to SCR-Civil 7(m), undersigned counsel met and conferred with counsel for Plaintiff regarding the issues raised in the Motion. Plaintiff declined to consent to the relief requested herein.

                      Respectfully submitted,

                      PETER J. NICKLES
                      Interim Attorney General for the District of Columbia

                      GEORGE C. VALENTINE
                      Deputy Attorney General
                      Civil Litigation Division

                      \s\ Kimberly M. Johnson
                      KIMBERLY M. JOHNSON [435163]
                      Chief, General Litigation Sec. I

                      \s\ Nicole L. Lynch
                      NICOLE L. LYNCH [471953]
                      Chief, General Litigation Sec. II

\s\ Darrell Chambers
DARRELL CHAMBERS[1]
Assistant Attorney General
441 4TH Street, N.W., 6th Floor South
Washington, D.C. 20001
202-724-6539 (Office); 202-741-8799 (fax)
darrell.chambers@dc.gov


\s\ Valyncia Simmons
VALYNCIA SIMMONS [974115]
Special Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6520; (202) 727-3625
valyncia.simmons@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion in Limine, with a Proposed Order, was electronically filed and electronically served this 10th day of April, 2008 to:


Terrell N. Roberts, III, Esquire
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
Attorney for Plaintiff

Valyncia Simmons, Esquire
Special Assistant Attorney General
441 4th Street, NW, 6TH Floor South
Washington, DC 20001
Attorney for Officers Branch and Mason


\s\ Darrell Chambers
DARRELL CHAMBERS

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL HOWARD )<br>)<br>Plaintiff, )<br>v. )<br>)<br>OFFICER TONY MASON, *et al.,* )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 06-0885 (ESH) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' JOINT MOTION IN LIMINE

**I.     Introduction**

Plaintiff has indicated that he will seek to introduce as evidence at trial, the Metropolitan Police Department's Final Investigation Report ("FIT Report") and the September 27, 2007 Use of Force Review Board Memoranda prepared as a result of the allegations made by the Plaintiff in this case.

Additionally, Plaintiff has indicated that he will seek to introduce as evidence at trial the testimony and expert reports of Plaintiff's designated vocational rehabilitation expert, Lee Mintz, and Plaintiff's designated economist, Richard Lurito, as they relate to Plaintiff's claim of future lost wages. Defendants, the District of Columbia, Officers Tony Mason and Jonathan Branch ("Defendants") voiced their objection to such evidence proffered by Plaintiff and move to exclude such evidence.

For the reasons set forth below, Plaintiff's proffered evidence should be excluded from trial in this matter.

**II.    Legal Standard**

The purpose of a motion *in limine* is to allow a party to obtain an order excluding inadmissible evidence "without having to object to, and thereby emphasize, the evidence before the jury." *Banks v. District of Columbia*, 551 A.2d 1304, 1310 (D.C. 1988) (Schwelb, J., concurring in part, dissenting in part) (quoting *Department of Public Works, etc. v. Suit Oil Co*, 66 Ill. App. 3d 64, 22 Ill. Dec. 826, 828, 383 N.E, 2d 634, 636 (1978)).

> The motion affords an opportunity to the court to rule on the admissibility of evidence in advance and prevents encumbering the record with immaterial or prejudicial matter, as well as providing a means of ensuring that privileged material as to which discovery has been allowed by the court will not be used at trial if it is found to be inadmissible. It recognizes that the mere asking of an improper question in the hearing of the jury may prove so prejudicial that, notwithstanding an instruction by the court to disregard the offensive matter, the moving party will be denied his [or her] right to a fair trial.

75 Am. Jur. 2d *Trial* § 94 at 306-07 (1991).

It is within the trial court's broad discretion to determine whether proffered evidence is not sufficiently relevant or probative. *Shephard v. United States*, 538 A.2d 1115, 1116 (D.C. 1988). A trial court should therefore grant a motion *in limine* both to obviate the need to instruct jurors to discount testimony that they already heard and to eliminate the need for counsel to make frantic requests for a bench conference while the jury ponders what counsel is trying to hide. *Banks, supra*.

**III.    Argument**

In this case, Plaintiff seeks damages for injuries he alleges he sustained during a stop and frisk of his person by Officers Tony Mason and Jonathan Branch. *See* Compl., *generally*. Plaintiff asserts a claim for violation of 42 U.S.C. § 1983 based on the officers' alleged excessive use of force and unreasonable search and seizure of Plaintiff, while Defendant Officers were

acting within the scope of their employment as police officers for the Metropolitan Police Department of the District of Columbia.

In support of his claims, Plaintiff seeks to introduce evidence in the form of a FIT Report and two Use of Force Review Board Memoranda. Plaintiff also seeks to introduce testimony and reports from Plaintiff's experts Lee Mintz and Richard Lurito. For the reasons discussed below, such evidence is properly excluded under the Federal Rules of Evidence.

      **A.**      **The FIT Report and Use of Force Review Board Memoranda Should be Excluded.**

**1. The FIT Report and Memoranda are Subsequent Remedial Measures.**

Plaintiff seeks to introduce into evidence the FIT Report prepared by Sergeant William K. Mack and the two September 27, 2007 Use of Force Review Board Memoranda prepared by Assistant Chief of Police and UFRB Chairman Peter Newsham. Both the FIT Report and the Memoranda analyzed Officers Mason and Branch's actions with respect to the allegations contained in Plaintiff's Complaint. The FIT Report concluded that there were insufficient facts upon which to base a determination as to whether the Officers used excessive force with respect to Plaintiff. The Memoranda present varying findings, without analysis, as to whether the Officers used excessive force against the Plaintiff. Both the FIT Report and the Memoranda reflect the internal administrative deliberations and/or assessments of MPD officials regarding future actions that should be taken with respect to the alleged use of force. To the extent that Plaintiff seeks to admit these documents, which are evidence of any recommendations for future training for Officers Mason and Branch, they are excludable as evidence of a subsequent remedial measure taken by the District of Columbia after an event or injury. Rule 407 states in pertinent part:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the

> injury or harm less likely to occur, evidence of the subsequent
> measures is not admissible to prove negligence, culpable
> conduct… or a need for a warning or instruction.

FED. R. EVID. 407.  *See also Woodward & Lothrop v. Hillary*, 598 A.2d 1142, 1152 (D.C. 1991) ("Under the common law of this jurisdiction, as well as the federal rules . . . evidence of . . . remedial measures to prove fault is not admissible.").  Here MPD's investigation falls within the subsequent remedial measures Rule 407 was intended to protect.

In *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986), plaintiff's decedent died from a police officer's use of a choke hold.  The Ninth Circuit held that the LAPD's internal investigation and its disciplinary hearing were subsequent remedial measures and therefore properly excluded on the issue of the city's liability.  792 F.2d at 1417.  Likewise, although the court in *Segura v. City of Reno*, 116 F.R.D. 42, 44-45 (D. Nev. 1987) found factual witness statements in an internal affairs investigation discoverable because of their potential use at trial for impeachment, it declined to order production of the "portion of the IAD report that contains disciplinary recommendations."

Public policy concerns strongly favor excluding evidence of the internal investigation's recommendation in its suit against the defendants. The people of the District of Columbia are best served by a police department that investigates allegations of police misconduct promptly, completely, and without bias.  Permitting Plaintiff to use results of such investigations against MPD and the District of Columbia will chill MPD's inclination to recommend additional training of its officers because of the very legitimate concern that any finding or recommendation will be used against the District of Columbia in civil lawsuits.

**2.     The FIT Report and Memoranda Also Should Be Excluded From Evidence Pursuant to Rule 403.**

The FIT Report and Use of Force Review Board Memoranda are also excludable as evidence because the probative value of any evidence regarding the internal investigation and ultimate conclusions and recommendations would be substantially outweighed by their prejudicial effect.

Courts have not permitted plaintiffs to present evidence of internal investigations into the actions of police and other officers. In *Vance v. Peters*, 97 F.3d 987 (7th Cir. 1996), an inmate alleged excessive force and denial of medical needs in violation of the Eighth Amendment. The plaintiff claimed error in the district court's exclusion of a memorandum to the warden from an employee review officer who conducted a hearing, concluded that the officer used excessive force in breaking the plaintiff's arm, and recommended a twenty-day suspension. The District Court ruled that such evidence was both cumulative and prejudicial and therefore excluded it. The Court of Appeals affirmed:

> The exclusion of the hearing officer's final report ensured that the jury reached its own conclusion with respect to the ultimate issue without giving inordinate weight to that officer's conclusion. The hearing officer's decision that [the corrections officer] used excessive force was based on the standards set forth in the prison's internal rules or policies, not on the Eighth Amendment criteria.

97 F.3d at 995.

Authority supports exclusion of the FIT Report and the Memoranda in general. In reaching opinions and conclusions, the investigating officials relied upon and summarized written statements from witnesses, including civilian witnesses, assessed the credibility of the statements, and made a recommendation without personal knowledge. The conclusions are based, in part, upon internal operating procedures, not necessarily the national or constitutional

standards required by Section 1983, and allowing the FIT Report and Memoranda to be admitted would unnecessarily usurp the role of the jury in hearing the evidence and making a finding based upon the credibility of witnesses. The role of a FIT and the Use of Force Review Board is to serve as internal administrative bodies. Such a role would be compromised by the admission of such analyses at a civil trial. Accordingly, the probative value of any evidence regarding the findings and recommendations contained in the FIT Report and Memoranda would be substantially outweighed by its prejudicial effect.

      **B.**    **The Testimony and Reports of Lee Mintz and Richard Lurito Lack Foundation and are Therefore Inadmissible Under Fed. R. Evid. 702.**

Federal courts do not resolve disputes about expert testimony by deeming all challenges to the expert's credentials or analysis to go to the "weight" of the evidence. Rather, as the Supreme Court has held, the trial judge must act as gatekeeper, applying the foundational requirements of Fed. R. Evid. 702 to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993). The gatekeeping obligation exists "whether the testimony reflects scientific, technical, or other specialized knowledge." *Kumho Tire Co. Ltd. v. Carmichael,* 526 U.S. 137, 149 (1999). These requirements "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

**1.**    **The Opinions are Not Based Upon Sufficient Facts or Data.**

      **a)**    **False Assumptions were Relied Upon in Forming the Opinions.**

In forming their opinions, both Mintz and Lurito rely on facts that *directly contradict* Plaintiff's sworn testimony. "[E]xpert testimony should be excluded if it is speculative or conjectural, or if it is based on assumptions that are so unrealistic and contradictory as to suggest

bad faith..." *Mancuso v. Consolidated Edison Co. of New York, Inc.,* 967 F.Supp. 1437, 1441 (S.D.N.Y 1997). Under this standard, the opinions of Lurito and Mintz, as they relate to Plaintiff's future lost income, should be excluded.

At his deposition on March 13, 2007, Plaintiff testified that at the time of the incident alleged in his Complaint, he was working part-time at a nightclub four hours a day, three days a week, and that he had no other employment. (*See* Exhibit 1, Howard Depo. at 18:1-22, 19:1-3.) He also testified that he worked there for only one year. (*See* Exhibit 1, Howard Depo. at 16:21, 17:1-22.) While Plaintiff also claims to have held construction jobs at different periods in his life, he has only provided one tax return in response to discovery requests, which was filed in 2003 and amounts to approximately $5,000. (*See* Exhibit 2.)

Contrary to Plaintiff's testimony and the tax return provided by Plaintiff, Mintz, in her report, bases her opinion as to Plaintiff's future vocational abilities on a work history that includes much more than the above-mentioned nightclub and construction jobs. Moreover, instead of the four hours a day, three days a week Plaintiff testified that he worked at the nightclub, Mintz's report indicates that Plaintiff worked "five nights a week, eight hours a night." (*See* Exhibit 3.) Mintz relied on these erroneous facts, which directly contradict Plaintiff's sworn testimony, when rendering her opinion as to Plaintiff's vocational abilities. Lurito, in turn, relied on Mintz's report in calculating Plaintiff's future lost wages. (*See* Exhibit 4, Lurito Depo. at 15:12-13, 16:6-7.)

Opinions based on unsubstantiated facts are exactly the kind of opinions that the Rule 702 gatekeeping function was designed to protect against. Indeed, Lurito's opinion has been excluded by other courts, where it was based on a false assumption. *See, e.g., Nakajima v. General Motors Corp.,* 857 F.Supp. 100, 105 (D.C. 1994) (excluding opinion of Richard Lurito

and a vocational rehabilitation expert concerning lost future earnings where the opinions were based on a false assumption about the country in which the plaintiff would reside).

### b) The Experts Failed to Consider Relevant Information.

In addition to false assumptions, failure to consider relevant information when forming an expert opinion also is a ground for excluding the opinion. Specifically, the failure to consider a criminal record when opining as to future lost income renders an expert opinion properly excludable. *Hughes v. Pender,* 391 A.2d 259 (D.C. Ct. App. 1978).

Mintz did not take into account the fact that Plaintiff, who is currently in jail on a felony drug conviction, has a criminal record which, undoubtedly, will have an impact on his employability. (*See* Exhibit 5, Mintz Depo. at 35:12-21, 36:1-5.) Lurito relied on Mintz's report when rendering his opinion as to Plaintiff's future lost income. (*See* Exhibit 4, Lurito Depo. at 15:12-13, 16:6-7.) Accordingly, both Mintz's and Lurito's opinions are also properly excluded on this basis.

### 2. Neither Opinion Assists the Trier of Fact and Therefore Both Are Irrelevant.

Expert testimony is irrelevant if it is not sufficiently tied to the facts of a case to aid the trier of fact. *United States v. Downing,* 753 F.2d 1224, 1242 (3d Cir. 1985). Neither Mintz's nor Lurito's opinions approach this threshold.

As discussed in detail above, the expert opinions rendered by Mintz and Lurito are based on erroneous facts and fail to consider relevant and accurate information. Therefore, they will not aid the trier of fact in rendering a decision in this case, but will instead, cause juror confusion. For these reasons, the expert testimony and reports of Richard Lurito and Lee Mintz relating to Plaintiff's future lost income should be excluded.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

\s\ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

\s\ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Chief, General Litigation Sec. II

\s\ Darrell Chambers
DARRELL CHAMBERS
Assistant Attorney General
441 4TH Street, N.W., 6th Floor South
Washington, D.C. 20001
202-724-6539 (Office); 202-741-8799 (fax)
darrell.chambers@dc.gov

\s\ Valyncia Simmons
VALYNCIA SIMMONS [974115]
Special Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6520; (202) 727-3625
valyncia.simmons@dc.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL HOWARD        )<br>                                             )<br>    Plaintiff,                      )<br>v.                                        )<br>                                             )   Civil Action No. 06-0885 (ESH)<br>OFFICER TONY MASON, *et al.,*  )<br>                                             )<br>    Defendants.                  )<br>_____) | |

### ORDER

Before the Court is Defendants Officers Tony Mason and Jonathan Branch's Partial Consent Motion in Limine. Upon consideration of such Motion in Limine and the entire record herein, it is this ____ day of _____, 2008:

**ORDERED** that Defendants Officers Tony Mason and Jonathan Branch's Partial Consent Motion in Limine be and hereby is **granted**; and it is

**FURTHER ORDERED** that Plaintiff shall be precluded from introducing the report of the Force Investigation Team, the Use of Force Review Board Memoranda concerning Officers Tony Mason and Jonathan Branch, the report and testimony of Richard Lurito, and the report and testimony of Lee Mintz at trial in this matter.

                                                                                                                        _____<br>
                                                                                                                        ELLEN SEGAL HUVELLE<br>
                                                                                                                        United States District Judge

Copies served upon:

Valyncia Simmons
Special Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

Darrell Chambers

- 13 -

Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

Terrell N. Roberts, III
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
Attorney for Plaintiff