IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NATHANIEL HOWARD

    Plaintiff

           vs.    Civil No. 06-0885 (ESH)

THE DISTRICT OF COLUMBIA, et al

    Defendants

## VOIR DIRE

The parties submit the following joint voir dire. Questions as to which the parties do not agree are indicated as follows: questions as to which plaintiff only agrees are indicated by • and questions as to which only the defendants agree are indicated by ■.

**Preliminary Remarks by Judge Before Voir Dire**:

**Plaintiff (Defendant Objects)**

This is a civil rights action which plaintiff Nathaniel Howard has brought against two members of the Metropolitan Police Department of the District of Columbia and the District of Columbia. The police officers against whom this action is brought are Jonathan Branch and Tony Mason. At the time the case arises, both were assigned to District 6 of the Metropolitan Police Department.

On January 31, 2006, at about 9:00 p.m., 37 year old Nathaniel Howard was in the backyard of his mother's house, which is located at 3227 D Street, S.E., Washington, D.C. Officers Branch and Mason, who are police officers of the Metropolitan Police Department, drove their unmarked police vehicle in an alley behind 3227 D Street. The officers allege that they saw Howard duck behind a car. Howard denies that he ducked behind a car. The officers alleged that they believed that Howard was concealing drugs. They stopped their cruiser and got

out approached Howard. They asked him if he would allow them to handcuff him for their safety. Howard agreed. The officers got Howard's identification from him. They frisked him but found nothing.

Howard alleges that he heard one of the officers say that he suspected that Howard had drugs inside of his pants. The officers asked him if they could search inside of his pants. Howard alleges that he had nothing in his pants and refused to be searched. He alleges that one of the officers retrieved a pair of elastic gloves from the trunk of the car and put them on. As they prepared to strip search him, Howard alleges that one of the officers yanked his legs out from under him and he fell on his right arm and fractured it. He alleges further that Officers Branch and Mason then pulled his clothes down and searched his rectum for drugs. The officers, as well as the District, deny these allegations. They acknowledge that they put Howard in handcuffs with his consent, but they allege that when they told him that they were going to remove the handcuffs, he became violent and fell on his own accord. They deny that they strip searched Howard.

Howard was not charged or arrested. An ambulance was summonsed and Howard was transported to Washington Hospital Center. At the hospital, the attending physician diagnosed that Howard had suffered a complete fracture of the right midshaft of the humerus.

**Defendants (Plaintiff Objects)**

This is a civil rights action which plaintiff Nathaniel Howard has brought against the District of Columbia and two members of the Metropolitan Police Department, Tony Mason and Jonathan Branch. At the time of the events giving rise to the complaint, both were assigned to District 6 of the Metropolitan Police Department.

It is alleged that on or about January 31, 2006, at about 9:00 p.m., 37 year old Nathaniel

Howard was in the backyard of 3227 D Street, S.E., Washington, D.C. As Officers Branch and Mason drove their unmarked police vehicle in an alley behind 3227 D Street, they saw Howard duck behind a car in the alley. They detained him, suspecting that he was attempting to hide drugs, and asked if he would allow them to handcuff him for their safety. Howard agreed. During the encounter Howard sustained a broken arm. Howard claims that Branch and Mason conducted a strip search of his person, an allegation denied by the officers and the District. This Court has jurisdiction over the case under 28 U.S.C. § 1441. Defendants deny all allegations of wrongdoing and state that plaintiff suffered injuries as a result of his failure to obey a lawful order and his contributory negligence causing him to fall and injure his arm.

1. This case arises from the stop of plaintiff Nathaniel Howard on January 31, 2006, at approximately 9:00 p.m., at 3227 D Street, S.E., Washington, D.C. Do you know anything about this matter? [If yes, approach the bench.]

2. As I mentioned before, the plaintiff in this case is Nathaniel Howard. Does any member of the jury, or his or her immediate family, know the plaintiff?

3. The plaintiff is represented in this case by Terrell Roberts. Does any member of the jury, or his or her immediate family, know Mr. Roberts, or have they ever been represented by Mr. Roberts?

4. One of the defendants in this case is the District of Columbia. Has any member of the jury panel or member of their immediate family been employed by the District of Columbia in any capacity?

5. The District is represented by Darrell Chambers. Does any member of the jury, or his or her immediate family, know Mr. Chambers, or have they ever been represented by Mr. Chambers?

6.  Also defendants in this case are Metropolitan Police Department officers Tony Mason and Jonathan Branch. Does any member of the jury, or his or her immediate family, know either of these defendants?

7.  Officers Mason and Branch are represented by Valyncia Simmons. Does any member of the jury, or his or her immediate family, know Ms. Simmons, or have they ever been represented by Ms. Simmons?

8.  In addition to the parties previously identified, the following persons may be called as witnesses in this case: [refer to pre-trial statement] Do any of you know any of the witnesses so identified?

9.  Does any member of the panel have any belief, opinion, or suspicion which would prevent him or her from following instructions of the court on the law even though he or she disagrees with those instructions?

10. Have any of you, members of your family or friends ever:

    a.  filed a claim or lawsuit against the District of Columbia?

    b.  been sued by the District of Columbia?

    c.  been a witness against the District of Columbia in a civil lawsuit?

11. Have any of you, members of your family, or friends ever had an experience with any employee or agency of the District of Columbia which would make it more difficult or easier for you to fairly judge the facts of this case because the District is a defendant and the actions of some of its employees are involved?

12. Have any of you, members of your family, or friends ever had an experience with the Metropolitan Police Department which would make it more difficult or easier for you to fairly judge the facts of this case because the MPD is a defendant and the actions of some of its

employees are involved?

13. ■Do any of you feel that where the District of Columbia is sued, you would be more likely to treat our city differently than if a private citizen were sued?  In other words, would you be more likely to award money to the plaintiff because you don't think the award comes from an individual?

14. Have any of you or a close friend or relative ever been employed in any of the following occupational areas:

    a.    as a claims adjuster in an insurance company;

    b.    as a physician, registered or practical nurse, physical therapist, or in any other capacity in the area of physical or mental health;

    c.    as a lawyer or in any other capacity in the legal profession.

15. Have any of you, members of your family, or friends ever worked for the District of Columbia government?  If so, please state:

    a.    the name of the agency in the District of Columbia for which you, a family member, or a friend worked;

    b.    your, your family member's, or your friend's duties;

    c.    whether, in the performance of these duties, you, your family member, or your friend had contact with the Metropolitan Police Department;

    d.    the length of time you, your family member, or your friend was employed; and

    e.    the reason why you, your family members, or your friend are no longer employed with the District of Columbia.

16. Have you or close friend or relative ever sat on a jury in a case involving the Metropolitan Police Department?  If yes, please state:

    a.    whether the case was a criminal or civil matter, and

    b.    what was the outcome of the case.

17. Have you or a close friend or a relative ever testified as a witness in any trial? If yes, please state:

    a.    whether it was a civil or criminal trial,

    b.    which side called you as a witness, and

    c.    whether the case involved police officers and/or their treatment of civilians.

18. Have your or close friend or a relative worked for the Metropolitan Police Department? Would that experience make it more difficult or easier for you to render a fair and impartial decision in this case?

19. Have you, a close friend, or a relative ever been a victim of a crime, arrested, convicted of a crime, or been imprisoned?

20. Have any of you had any other experience with the Metropolitan Police Department, which might make it more difficult or easier for you to judge fairly this case?

21. Are any of you or a close friend or a relative actively involved in promoting political issues regarding the District of Columbia, the criminal justice or penitentiary system?

22. Do you feel that sympathy for an injured person could cause you to award him monetary damages even though evidence and the law indicated that he was not entitled to them?

23. Are any of you inclined to give greater weight to the testimony of a police officer, because he is a police officer?

24. Are any of you, or any members of your family, or close personal friends ever been employed in law enforcement. "Law enforcement" means:

      a.      Police officers of any agency or jurisdiction, including federal, military, state and local law enforcement agencies.

      b.      Any member of a sheriff's department.

      c.      Any member of any federal agency involved in law enforcement, such as the Justice Department, F.B.I., D.E.A., A.T.F., I.N.S., Customs, etc.

      d.      Any person employed with any office of the State's Attorney, Corporation Counsel, Attorney General, or other prosecuting authority;

      e.      Any guard or employee of any prison, detention center or other place of confinement.

If you answered "yes," then please answer the following questions:

      Is that you or someone else?
      If someone else, what is their relationship to you?
      What position did you/he/she hold?
      Have any complaints of misconduct or excessive force been filed against you/him/her?

25.      •Have you ever had any informal relationship with any police department or law enforcement agency, such as participation in a ride along program, membership in a crime watch program or similar activities.

26.      Have you had contact with police officers through your work, in your neighborhood or in your social life? If yes, please explain.

27.      Are any of you, or your close relative or friends employed or ever been employed by the District of Columbia, including the Metropolitan Police Department? If so, when and in what capacity?

28.      Are any of you related to, or close friends with, any elected or appointed Officials of the District of Columbia?

29.      Have you or any member of your immediate family ever worked for a city, municipal, county or state government? If so, where, when and in what capacity?

30.     Have any of you ever had any legal training, such as law school, paralegal, or the like?

31.     Do any of you have any reason why you feel that you cannot render a fair verdict in this case based on the evidence admitted and the law as the Court instructs you, and without regard to passion, prejudice, or sympathy?  [If yes, approach the bench.]

32.     Do any of you have any positive or negative experiences with and/or attitudes or feelings toward law enforcement such that you would not be able to render a fair and impartial verdict, based solely on the facts on this case and the law as instructed to you by the Court?  [If yes, approach the bench.]

33.     Have any of you read stories within the past year pertaining to the Metropolitan Police Department or lawsuits against the Metropolitan Police Department?  [If yes, approach the bench.]

If so:

a.      Would those stories adversely affect your ability to fairly consider the facts of this case if you are selected as a member of the jury panel?  [To be asked at the bench.]

b.      Do you believe that the situations discussed in those stories occurred because of any wrongdoing on the part of employees of the District of Columbia?  [To be asked at the bench.]

34.     Have you ever served in the military?  If so, please state when you served and in what capacity.

35.     Ladies and gentlemen, is there anything you have heard so far or is there any other reason at all why you would feel uncomfortable sitting on this case or why you

would prefer to be excused?  [If yes, approach the bench.]

      36.    Do any of you have any health condition, family responsibility or other reason that would make it difficult for you to be in court every day for the next two weeks?

\_\_\_\_\_/s/_____
Terrell N. Roberts, III
Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764


_____
Darrell Chambers
Office of the Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001
202 724 6539


_____
Valyncia Simmons
Office of the Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001
202 724 6520