# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATHANIEL HOWARD** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | )    **Civil Action No. 06-0885 (ESH)** |
| **OFFICER TONY MASON, *et al.,*** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## PROPOSED JURY INSTRUCTIONS

<u>Standard Jury Instructions</u>:  The parties reserve the right to request additional standard jury instructions and special jury instructions should the evidence so warrant. The Parties also reserve the right to object to jury instructions standard and special at trial.

1-1    Function of the Court
1-2    Function of the Jury
1-3    Significance of Party Designations
1-4    Juror's duty to deliberate
1-5    Attitude and Conduct of Jurors
1-6    Instructions to Be Considered as a Whole
1-7    Court's Commenting on the Evidence
1-8    Court's Questions to Witnesses
1-9    Jury Not to Take Cue from Judge
1-10   Rulings on Objections
1-12   Equality of Litigants

2-1    Evidence in the Case
2-2    Evidence in the Case-Judicial Notice
2-3    Inferences
2-4    Inadmissible and Stricken Evidence
2-5    Statements of Counsel
2-6    Jury Recollection Controls
2-7    Evidence Admitted Against One Party Only
2-8    Burden of Proof [Plaintiff objects; already covered by plaintiff's comprehensive instruction]
2-9    Evidence Produced by Adversary
2-10   Direct and Circumstantial Evidence

3-1    Jury to Determine Credibility of Witnesses
3-2    Number of Witnesses
3-4    Failure to Produce Stronger Available Evidence [Plaintiff objects]
3-5    Deposition as Evidence
3-8    Impeachment by Prior Inconsistent Statements

6-1    Vicarious Liability
6-2    Agency or Scope of Employment Conceded

12-1    Damages-Jury to Award [Plaintiff disagrees- inadequate]
12-2    Extent of Damages--Proximate Cause [Plaintiff objects – already covered in plaintiff's comprehensive instruction]
12-3    Burden of proof-[Plaintiff objects – already covered in plaintiff's comprehensive instruction]
12-7    Duty to mitigate damages [Plaintiff objects – inapplicable]

16-1    Punitive Damages

19-01    Assault
19-03    Battery
19-05    Assault and Battery – Excessive Force

## PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS

**Excessive Force, Unlawful Detention and Unconstitutional Body Cavity Search—Comprehensive Instructions**

Before discussing the legal principles with you, I will set forth in very broad outline the facts that are not in dispute and the issues in this case, in the belief that the legal principles will be more meaningful in that context.

There is no dispute that on January 31, 2006, the defendants Jonathan Branch and Tony Mason were police officers duly employed by the Metropolitan Police Department of the District of Columbia. Further, on January 31, 2006, at approximately 9:00 p.m., plaintiff Nathaniel Howard was detained and handcuffed by these officers.

The plaintiff Howard claims that police officers Mason and Branch unlawfully detained him and used excessive force by deliberately pulling his legs out from under him while handcuffed,

causing him to fall on his right arm and breaking it.  He also claims that Branch and Mason  then unlawfully conducted a body cavity search of him for drugs.  As a result of the unlawful detention, the use of excessive force and the unlawful body cavity search, Howard claims he was deprived of his constitutional rights.

Howard further contends that he suffered personal injuries as a result of excessive force applied against him in this incident and that he sustained emotional distress and humiliation by being unlawfully subjected to a body cavity search.

The defendants Branch and Mason claim that they properly suspected Howard of concealing drugs and that they had a legal basis to detain him.  They deny that they pulled Howard's legs out from under him.  They allege that Howard struggled as they sought to release him from the handcuffs, and that he resisted and fell of his own accord.  They also deny that they subjected Howard to a strip search or body cavity search. They contend that their actions were legally justified. The defendants therefore assert that Howard's constitutional rights were not violated.

In addition, the defendants dispute the nature and extent of the injuries allegedly sustained by the plaintiff Howard.

The plaintiff claims three violations of the United States Constitution. He claims that he sustained injuries and damages as a result of the deprivation, under color of state law, of rights secured to him by the Constitution of the United States and by a federal statute, 42 U.S.C. Section 1983, which protects the civil rights of all persons within the United States. I will explain the elements of this 1983 claim to you later on in these instructions.

Specifically, Howard claims that while the defendants Branch and Mason were acting under color of the authority given to them as police officers of the Metropolitan Police Department of the District of Columbia, they deprived him of certain rights secured and protected by the Constitution

and laws of the United States, namely, that he was subjected to an unreasonable seizure of his

person, excessive force and an unlawful body cavity search by the defendants.

**DEFENDANTS OBJECT AND PROPOSE THE FOLLOWING:**

    **1. <u>Fourth Amendment Violation</u>**

    **The plaintiff claims that the MPD officers used excessive force in the course of this**

**incident and that this use of force violated Nathaniel Howard's civil rights under the**

**Fourth Amendment of the United States Constitution.**

    **The Fourth Amendment guarantees citizens the right "to be secure in their**

**persons… against unreasonable… seizures.  All claims that MPD officers have used**

**excessive force, in the course of a seizure of a free citizen are analyzed under the Fourth**

**Amendment and its reasonableness standard.  Determining whether the force used to effect**

**a particular seizure is reasonable under the Fourth Amendment requires a careful**

**balancing of the nature and quality of the intrusion on the individual's Fourth Amendment**

**interests against the countervailing interests at stake.  Because the test of reasonableness**

**under the Fourth Amendment is not capable of precise definition, its proper application**

**requires careful attention to the facts and circumstances of each particular case.**

    **The right to make an arrest or investigatory stop carries with it the right to use**

**some degree of physical coercion, or threat thereof, to effect it.  The reasonableness of a**

**particular seizure must be judged from the perspective of a reasonable MPD officer on the**

**scene, rather than from 20/20 vision of hindsight.**

    **The reasonableness inquiry is an objective one.  The relevant inquiry is whether the**

**MPD officer's actions are objectively reasonable in light of the facts and circumstances**

**confronting him, without regard to his underlying intent or motivation.   Thus, for plaintiff**

**to prevail, you must find that plaintiff has shown by a preponderance of the evidence that the officer used clearly unreasonable force in the circumstances of this case. If the plaintiff has not convinced you that the officer used unreasonable force then you must return a verdict in favor of the defendant.**

**Authorities:**

**Graham v. Connor, 490 U.S. 386 (1989).**
**Tennesse v. Garner, 471 U.S. 1 (1985).**
**Wardlaw v. Picket, 303 U.S.App.D.C. 130, 1 F.3d 1297 (1993).**
**District of Columbia v. Evans, 644 A.2d 1008 (D.C. 1994).**

*BURDEN OF PROOF—GENERAL*

This is a civil case. The plaintiff has the burden of proving the allegations of his complaint by a preponderance of the evidence.

If, after considering all of the testimony, you are satisfied that Howard has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If you conclude that the plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

**Defendants object. This instruction is covered by the standard jury instruction 2.08 submitted by the parties.**

*Preponderance of the Evidence*

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all

witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have introduced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side or the other is right—then you must decide that issue against the party having this burden of proof. This is because the party bearing this burden of proof must prove more than simple equality of evidence; he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance.

Some of you may have heard the phrase "proof beyond a reasonable doubt." This is the standard of proof in a criminal trial. It does not apply to a civil case such as this, and you should put it out of your mind.

**Defendants object.   This instruction is covered by the standard jury instruction 2.08 submitted by the parties.**

### Elements of Section 1983 Claim

*First Element:* The first element of the plaintiff's 1983 claim is that the defendant acted under color of law. In this case, it is agreed by the parties that on January 31, 2007, in the District of Columbia, the defendants Jonathan Branch and Tony Mason were acting in their official capacity as police officers and, therefore, that they were acting under color of law. Accordingly, you need not consider the first element of the Section 1983 claim, namely, that the conduct complained of was under the color of law.

*Second Element:* Now to the second element—that the conduct complained of deprived the plaintiff of a right secured by the Constitution of the United States. I will now review the two constitutional violations claimed by plaintiff and instruct you on the law of each such claimed

violation. I will cover them in the following order: (1) excessive force; (2) unconstitutional strip search.

*EXCESSIVE FORCE*

The first constitutional violation claimed by Howard is that of excessive force. The Fourth Amendment to the United States Constitution says that there shall be no unreasonable seizures. A detention by police officers is a seizure. A person has a Fourth Amendment right to be free of excessive force during a detention by the police.

Howard claims that he was subjected to excessive force by the defendants during his detention. In a case such as this, where the parties' factual contentions are disputed, you must consider the questions of what events occurred, and how much force was used. If Howard resisted in response to the officers' attempt to release his handcuffs and he lost his balance and fell on his own accord, that would not be sufficient in and of itself to establish that the defendants violated Howard's constitutional rights. On the other hand, if instead there was not an attempt by the officers to release Howard but rather an intention to continue the detention and subject Howard to a strip search of some kind and the officers deliberately pulled Howard's legs out from under him in the process, resulting in his injuries, that would constitute unreasonable and excessive force and would render the defendants liable.

The question before you is whether the actions of the defendants on January 31, 2007, were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar circumstances in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. That means that a police officer's "evil intentions" will not be considered excessive force if the force used was in fact reasonable under the circumstances. On the other hand, an officer's good intentions will not make excessive force constitutional. The

reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force used was reasonable, you should consider the facts and circumstances confronting the defendant officers, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the police officers or others and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

Now, the Constitution must not be trivialized. Not every push or shove, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

In sum, if you find that Howard has established, by a preponderance of the credible evidence, that defendants Branch and Mason used excessive force, then Howard is entitled to recover from defendants for any injuries and damages caused by the excessive force.

However, if you find that Howard has failed to establish, by a preponderance of the evidence, his claim that the defendants used excessive force, then your verdict will be in favor of the defendants on the plaintiff's Section 1983 cause of action alleging excessive force.

*UNREASONABLE SEIZURE*

Howard claims that he was subjected to an unreasonable seizure in violation of his Fourth Amendment rights by reason of his detention for suspicion of possessing drugs. When a police officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen, then a "seizure" of that citizen has occurred and the Fourth Amendment applies to the officer's conduct.  The test for determining whether Howard was seized by the police officers

is this: in view of all of the circumstances surrounding the incident, would a reasonable person in Howard's position have believed that he was not free to leave.   The Court further instructs you that voluntary contact with the police may evolve into a seizure as a consequence of police behavior.  If at any point the person reasonably believes he is not free to end his contact with police, and the police know or should know of the person's belief, then he has been seized.

In order to justify a detention of an individual, a police officer must have a reasonable articulable suspicion that the person is engaged in criminal activity.  To justify a detention for investigation of criminal activity, the officer must possess specific and articulable facts which, together with rational inferences from those facts, reasonably warrant a belief that criminal activity is afoot and that the particular person is engaged in such activity.  The standard is an objective one.  A subjective belief of criminal activity, unsupported by objective facts, would not be sufficient to justify a detention of the individual.

In addition, if the officer reasonably suspects that the individual who is detained may be armed and dangerous, he is permitted to conduct a frisk or pat down of the person's clothing for weapons.  In this particular case, Howard acknowledges that he allowed a pat down.

Howard's claim of unreasonable seizure is that the officers did not have a reasonable suspicion to detain him in the first place.  He claims that he cooperated with the officers by agreeing to come to them when they asked him to do so.  He also acknowledged that he agreed to be handcuffed for the officers' safety and that he did not oppose a pat down of his clothing as well.  A person's acquiescence to a police show of authority does not  make the encounter any less than a seizure.  At the same time, if Howard agreed to be detained voluntarily, then he was not seized.

There is one further element of Howard's claim of unreasonable seizure.  Howard alleges that the character of the detention drastically changed when, as he alleges, that the officers indicated

by their actions that they intended to conduct a body cavity search.   The officers deny such allegation.   However, if the officers did change the detention into one in which they sought to conduct an involuntary body cavity search of Howard, then he was free to revoke his consent to any detention entirely, and any further restraint on his liberty would amount to a detention which would have to be justified by a higher standard, namely, probable cause for a belief that Howard concealed drugs in his body cavities.   This will be more fully explained.

*UNLAWFUL BODY CAVITY SEARCH*

I will now instruct you on the law as to plaintiff Howard's claim that the defendants violated Howard's right against unreasonable search and seizure by conducting unlawful body cavity search of Howard.

Howard contends that his constitutional rights were violated when, on January 31, 2007, he was unlawfully subjected to a body cavity search.   A "strip search" is the removal or rearrangement of clothing which results in any exposure or observation of a portion of a person's body where that person has a reasonable expectation of privacy.   A "body cavity search" is the searching of a person's genital and/or anal cavities to retrieve contraband, weapons or evidence of a crime that may be concealed within these areas.

The defendants deny that either a strip or body cavity search was done.

A strip search is more intrusive and a greater invasion of privacy than a pat-down search. A visual body cavity search is more intrusive than a strip search, and any physical touching during a strip or body cavity search is even more intrusive.   Police officers must possess more evidence to justify a more intrusive search than would be sufficient to permit a less intrusive one. You must consider the nature of the invasion of the person's Fourth Amendment rights in

determining whether the justification asserted by the officers was reasonable for the particular search.

Police officers are permitted to make strip searches on the basis of reasonable suspicion, and I will soon define that for you, to believe that the person they are searching is carrying contraband in the specific place to be searched. A strip search or a body cavity search cannot be justified by a general belief that the person is a drug dealer or user. To justify a strip search, the officers must have a reasonable suspicion. A reasonable suspicion exists if the totality of the circumstances presents a particularized and objective basis to support a suspicion that the suspect or citizen is concealing drugs under their clothing. To justify a body cavity search, the officers must have probable cause to that the suspect or citizen is concealing drugs within his body. An officer has probable cause for an arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed an offense.

Probable cause is measured by the circumstances as they reasonably appeared to the officer at the time when he initiated action.

The Fourth Amendment requires searches to be conducted in a reasonable manner, giving the protection to the privacy rights and health of the person searched. This requires consideration of the way in which any search is conducted and the nature of the place where it is done.

Strip searches must be designed to minimize emotional and physical trauma. Strip searches also must be conducted in private.

The extent to which the intrusion may threaten the health or safety of the individual is a crucial factor in assessing the magnitude of the intrusion. An intrusive search must be done in a

sanitary and medically approved manner. You must determine whether reasonable steps were taken in this case in this respect.

To the extent that deeply intrusive searches are ever reasonable outside the custodial context, it must only be to prevent imminent and serious harm.

To conduct an involuntary strip or body cavity search of a person who is not in a jail or detention facility, requires probable cause and especially exigent circumstances. By exigent circumstances, we mean an imminent threat to the safety or the lives of police officers or others, or a substantial likelihood that evidence will be destroyed, which would not permit the officers to postpone the search or move the person to another location to do the search. In determining whether the risk of destruction of evidence creates especially exigent circumstances, you must take into account what means, other than conducting an immediate strip search, were available to the officers.

In this case, Howard contends that the defendants removed his clothing and searched his rectum to search for drugs. He contends that the search was unjustified and that it was also unreasonable because it was not done in private or in sanitary or medically approved manner. The defendants deny that that they performed a strip or body cavity search of Howard at all.

Accordingly, on the issue of the alleged constitutional violation of unreasonable search, if you determine that the plaintiff proved, by a fair preponderance of the evidence that the defendants conducted a strip or body cavity search of him, your verdict will be in favor of the plaintiff as to an unreasonable search of his person. If you determine that the plaintiff has not met that burden, your verdict will be for the defendants on the issue of unreasonable search of his person.

*Third Element:* The third and final element of the plaintiff's Section 1983 civil rights claims is that the defendants' actions must have been the proximate cause of injury and/or damages to the plaintiff.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be established by a preponderance of the evidence as full, just, and reasonable compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize a defendant. Also, compensatory damages must not be based on speculation or guesswork because only actual damages are recoverable.

On the other hand, compensatory damages are not restricted merely to actual loss of time or money; they include both the mental and physical aspects of an injury tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. If you find that plaintiff did suffer emotional pain and mental anguish, then you must determine an amount that will fairly compensate the plaintiff for that harm. There is no exact standard to be applied; the award should be fair and just in the light of the evidence.

You should consider the following elements of compensatory damages, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    The reasonable cost of plaintiff's medical care and hospitalization to the present and the cost of medical care in the future;

(b)    Physical or emotional pain and mental anguish. You should consider what

if any emotional pain and anguish plaintiff has suffered in the past and which plaintiff will, with

reasonable certainty, suffer in the future.  Mental anguish and emotional pain would include any

humiliation, embarrassment, fright, and anxiety which Howard

experienced as a result of any constitutional violation.

       (c)     The extent and duration of the injuries, including their continuation

into the future.

**DEFENDANTS OBJECT AND PROPOSE THE FOLLOWING:**

**<u>42 U.S.C. § 1983: Basic Elements</u>**

**The Civil Rights Act, 42 U.S.C. § 1983, is an enabling act which establishes the right to sue for money damages for the violation of plaintiff's rights under the United States Constitution or other federal laws.  Under 42 U.S.C. § 1983:**

> **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or he District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.**

**In this case, to prevail under 42 U.S.C. § 1983, the plaintiff must allege and prove that Officers Tony Mason and Jonathan Branch deprived Nathaniel Howard of a right secured by the United States Constitution. In order to prove that Nathaniel Howard has been deprived of such a right, the plaintiff must prove two elements.**

**First Element: The plaintiff must prove by a preponderance of the evidence that Officers Tony Mason and Jonathan Branch acted under color of law. In this case, it is agreed by the parties that on January 31, 2007, in the District of Columbia, Officers Branch and Mason were acting in their official capacity as police officers and, therefore, that they were acting under color of law. Accordingly, you need not consider the first element of the Section 1983 claim, namely, that the conduct complained of was under the color of law.**

**Second Element: The conduct complained of is alleged to have deprived the plaintiff of his Fourth Amendment right to be free from unreasonable search and seizures. I have already instructed you with regard to the Fourth Amendment.**

## PROXIMATE CAUSE

You can only award damages which the plaintiff has proven were proximately caused by the defendant's unlawful acts. Injury and/or damages are proximately caused by the defendant's conduct when the conduct played a substantial role in bringing about an injury or damage to the plaintiff.

**Defendants object. This instruction is covered by the standard jury instruction 12.02 submitted by the parties.**

## PUNITIVE DAMAGES

The plaintiff also claims that the acts of the defendants were done with malice or reckless indifference to the plaintiff's federally protected and, as a result, they are entitled to an award of punitive damages in addition to compensatory damages. On punitive damages you must consider each defendant separately.

If you find for the plaintiff, and if you further find that a defendant did act with malice or reckless indifference to the plaintiff's federally protected rights, the law would allow you, in

your discretion, to assess punitive damages against that defendant as punishment and as a

deterrent to others.  If you find that punitive damages should be assessed against a defendant,

you may consider the financial resources of that defendant in fixing the amount of punitive

damages; you may assess punitive damages against one or more of the defendants, and not

others, or against more than one defendant in different amounts.

**Defendants object.  This instruction is covered by the standard jury instruction 16.01 submitted by the parties.  Moreover plaintiff's instruction improperly includes the District.**

Authority

**Excessive Force**

Supreme Court: <u>Graham v. Conner</u>, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989); <u>Police Misconduct, Law and Litigation</u>, (3d ed 2006) Pattern Instruction § 12:20, p. 637.

**Seizure of the Person**:

<u>United States v. Mendenhall</u>, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d. 497

(1980)(seizure defined); <u>Terry v. Ohio</u>, 392 U.S. 1, 17 (1968)("It must be recognized that

whenever a police officer accosts and individual and restrains his freedom to walk away, he has

'seized' that person.")

**Standard to be Applied in Assessing the Reasonableness of a Seizure**

<u>Terry v. Ohio</u>, 392 U.S. 1, 20 (1968)("[I]n determining whether the seizure and search were

unreasonable our inquiry is a dual one – whether the officer's action was justified at its

inception, and whether it was reasonably related in scope to the circumstances which justified the

interference in the first place.")

**Strip Search**

<u>Police Misconduct, Law and Litigation</u>, (3d ed 2006) Pattern Instruction § 12:17, pp 635-36.
Supreme Court: <u>United States v. Cortez</u>, 518 F.3d 926, 930 (DC Cir. 2008) (reasonable suspicion
defined); DC Circuit: <u>United States v. Abdus-Price</u>, 518 F.3d 926, 930 (DC Cir.

2008)(reasonable suspicion); Morgan v. Barry, 596 F.Supp. 897 (DDC 1984)((federal district court prohibited the strip or squat search of arrested individuals in the absence of reasonable suspicion that a weapon or contraband or evidence of crime are concealed on the person or in the clothing of the arrestee); Helton v. United States, 191 F.Supp.2d 179, 186 (DC 2002)(strip search); Doe v. Berberich, 704 F.Supp. 269, 271 (DC 1988)(strip search). Other circuits: Doe v. Calumet City, Ill., 754 F.Supp. 1211, 1215 (N.D. Ill. 1990)( a "strip search" is any removal or rearrangement of clothing which results in "any exposure or observation of a portion of a person's body where that person has a reasonable expectation of privacy")(quoting Katz v. United States, 389 U.S. 347, 360 (1967)(J. Harlan concurring). See also, Savard v. Rhode Island, 320 F.3d 34 (1st Cir. 2003), on reh'g en banc, 338 F.3d 23 (1st Cir. 2003), cert. denied, 540 U.S. 1109 (2004).

**Probable Cause**

Dunaway v. New York, 442 U.S. 200 (1979); Brown v. Texas, 443 U.S. 47 (1979); Henry v. United States, 361 U.S. 98 (1959); Brinegar v. United States, 338 U.S. 160, 175-76 (1949).

<u>No Specific Intent required</u>

It is not necessary to find that a defendant had any specific intent to deprive the plaintiff of his constitutional rights, or that he acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to relief if a defendant intended the actions which resulted in a violation of his constitutional rights.

**Authority**

Supreme Court: Graham v. Conner, 490 U.S. 386, 397 (1989); Hudson v. New York City, 271 F.3d 62 (2d Cir. 2001)(reversing judgment for defendants where court instructed jury that an intentional violation of constitutional rights was required).

<u>Liability of Specific Defendants Joint Tortfeasors</u>

In this case, there are two police officer defendants and you must determine whether any or all of them are liable to the plaintiffs. In this connection, you should determine whether the officers acted jointly with and/or assisted each other. Where two or more persons act together and cause a wrong to another, they incur joint liability for the acts of each other. The law does not require an injured party to establish how much of the injury was done by one person and how

much of the injury was done by another.  Rather, it permits the injured party to treat all concerned

in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All

those who actively participate in a wrongful act, by cooperation or request, or who lend aid or

encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable

with him.  Express agreement is not necessary, and all that is required is that there should be a

common design or understanding, even if it is a tacit one.

**Authority**

Prosser and Keaton on the Law of Torts, (5th ed.) pp 322-24 § 46.  Police Misconduct, Law and

Litigation, (3rd ed), 642, § 12:36 (pattern instruction).  District of Columbia Pattern Jury

Instruction, Joint Venture, 6-7.

<u>Credibility of Witnesses –Police Officer Witnesses</u>

The testimony of a law enforcement officer should be considered by you just as any other

evidence in this case, and in evaluating his credibility you should use the same guidelines which

you apply to the testimony of any witness.  You should not give either greater or lesser credence

to the testimony of a witness merely because he is a law enforcement officer.

**Authority**

Bush v. United States, 375 F.2d 602, 605 (D.C. Cir. 1967).

**Defendants object.   This instruction is covered by the standard jury instruction 3.01
submitted by the parties.**

**<u>DEFENDANTS' NON-STANDARD JURY INSTRUCTIONS</u>:**

2.  <u>Punitive Damages Against the District of Columbia</u>

You are instructed that punitive damages are not allowed against the District of

Columbia.  In other words, you are not to make any award against the District to send a message

to the District of Columbia employees, to teach them a lesson, or to punish the offender and to deter others from committing similar wrongs.

> *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)
> *Smith v. District of Columbia*, 336 A.2d 831 (D.C. 1987)

**[Plaintiff objects to the second sentence of this instruction on the grounds that it is unnecessary, first, and second, misleading and confusing.  Punitive damages may not be awarded against the District as a matter of law.  The verdict sheet does not allow the jury to award punitive damages against the District.  Also, punitive damages may not be awarded against the District as a matter of law.  That is covered adequately in the first sentence. If the second sentence of the instruction is included, it would confuse the jury as to the purpose of punitive damages.  The intent of an award of punitive damages is to punish the offender and deter others from engaging in similar conduct.]**

3.  <u>No income taxes need be paid</u>

You are instructed that any monetary award granted to plaintiff is not subject to income taxation.   Therefore, you should not consider to what extent income taxes might reduce the amount to which plaintiff may be entitled.

> *Psychiatric Institute v. Allen*, 509 A.2d 619 (D.C. 1986)
> *Norfolk & Western Railroad v. Liepelt*, 444 U.S. 490 (1980).

4.  <u>Plaintiff has the burden of proof</u>

Plaintiff has the burden of proof.  If you find that the evidence is evenly balanced, then plaintiff has not met his burden.  In that event, you must return a verdict for the defendant.

> *Lam v. Lam*, 188 S.E.2d 89, 90 (Va. 1972).

**[Plaintiff objects to this instruction on the grounds that it is an incomplete statement of the burden of proof.  It does not explain the concept of preponderance of the evidence. This concept is adequately covered in the plaintiff's comprehensive instruction.]**

5.  <u>Do not consider attorney fees or costs</u>

Should you find for the plaintiff and award damages in this case, you are instructed that such damages may <u>not</u> include any amount for attorney fees or for court costs.

Any award of fees and costs is entirely separate from the issues to be decided by you.

The court, at a later time, will determine the proper amount, if any of attorney's fees and court costs to award plaintiff.

*In Re. E.Q.B.,* 617 A.2d 199, 201, fn. 2 (D.C. App. 1992)
*District of Columbia v. Jerry M.,* 580 A.2d 1270, 1273 (D.C. App. 1990)

6.  <u>Fourth Amendment Violation</u>

The plaintiff claims that the MPD officers used excessive force in the course of this incident and that this use of force violated Nathaniel Howard's civil rights under the Fourth Amendment of the United States Constitution.

The Fourth Amendment guarantees citizens the right "to be secure in their persons… against unreasonable… seizures.  All claims that MPD officers have used excessive force, in the course of a seizure of a free citizen are analyzed under the Fourth Amendment and its reasonableness standard.  Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing interests at stake.  Because the test of reasonableness under the Fourth Amendment is not capable of precise definition, its proper application requires careful attention to the facts and circumstances of each particular case.

The right to make an arrest or investigatory stop carries with it the right to use some degree of physical coercion, or threat thereof, to effect it.  The reasonableness of a particular

seizure must be judged from the perspective of a reasonable MPD officer on the scene, rather than from 20/20 vision of hindsight.

The reasonableness inquiry is an objective one. The relevant inquiry is whether the MPD officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. Thus, for plaintiff to prevail, you must find that plaintiff has shown by a preponderance of the evidence that the officer used clearly unreasonable force in the circumstances of this case. If the plaintiff has not convinced you that the officer used unreasonable force then you must return a verdict in favor of the defendant.

Authorities:

Graham v. Connor, 490 U.S. 386 (1989).
Tennesse v. Garner, 471 U.S. 1 (1985).
Wardlaw v. Picket, 303 U.S.App.D.C. 130, 1 F.3d 1297 (1993).
District of Columbia v. Evans, 644 A.2d 1008 (D.C. 1994).

7.  Intentional Tort

There is no such thing as a negligent assault or battery. In order to find liability for assault or battery it is necessary that the defendant either have intended to commit a battery or to cause in the plaintiff an apprehension of a battery. Thus, a person cannot negligently commit an intentional tort.

Authorities:
Sabir v. District of Columbia, 755 A.2d 449; 2000D.C. App. LEXIS 154 citing  1 F. HARPER & F. JAMES, THE LAW OF TORTS, §  3.5 at 3:19 (3d ed. 1996).Id. at 280. See RESTATEMENT (SECOND) OF TORTS, § 18 (battery) and § 21 (assault) (1965).

8.  Assault

On the assault count, the following applies.

An assault is an intentional and unlawful threat or attempt either by word or acts to physically harm the victim. It must appear to the victim that the person making the threat or attempt has the present ability to carry it out.

Also, there must be a display of force causing the victim to [reasonably] fear immediate bodily harm. But, actual contact is not necessary.

For police action to rise to the level of an assault, plaintiff must prove that the amount of force used was "clearly excessive" under the circumstances.

Authorities:

Holder v. District of Columbia, 700 A.2d 738; 1997 D.C. App. LEXIS 201
Standard Instructions 19-1, 19-5, and comments.

9.  Battery

Battery is an intentional and unlawful harmful or offensive touching or use of force upon the physical person of another.  A touching is harmful if it causes physical pain and injury. A touching is offensive if it offends a person's reasonable sense of personal dignity.

For police action to rise to the level of a Battery, plaintiff must prove that the amount of force used was "clearly excessive" under the circumstances.

Authorities:

Holder v. District of Columbia, 700 A.2d 738; 1997 D.C. App. LEXIS 201
Standard Instruction 19-3 and comments.

**Plaintiff objects to the part of the instruction that the amount of force was "clearly excessive."  "Clearly excessive" is undefined.  In addition, plaintiff's burden is to prove**

only that the use of force was excessive under Fourth Amendment standards.   <u>See</u>,

<u>Graham v. Conner</u>, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989).