UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL HOWARD )<br>)<br>    Plaintiff, )<br>v. )<br>) Civil Action No. 06-0885 (ESH)<br>OFFICER TONY MASON, *et al.,* )<br>)<br>    Defendants. )<br>_____) | |

JOINT PRETRIAL STATEMENT

Plaintiff, Nathaniel Howard, by his attorney, Terrell N. Roberts, III, defendant District of Columbia, by its attorney Darrell Chambers, and defendants Jonathan Branch and Tony Mason, by their attorney, Valyncia Simmons, submit this joint pretrial statement.

**1.    Parties and Counsel**

Terrell N. Roberts, III
Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

Darrell Chambers
Attorney for the District of Columbia
Office of the Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001
202 727-6539

Valyncia Simmons
Attorney for Jonathan Branch and Tony Mason
Office of the Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001
202 724-6520

**2.     Statement of the Case**

    **a.  Plaintiff**

This is a civil rights action which plaintiff Nathaniel Howard has brought against the District of Columbia and two members of the Metropolitan Police Department, Tony Mason and Jonathan Branch.  At the time of the events giving rise to the complaint, both were assigned to District 6 of the Metropolitan Police Department.

On January 31, 2006, at about 9:00 p.m., Nathaniel Howard was in the backyard of his mother's home at 3227 D Street, S.E., Washington, D.C.  He alleges that he was there putting out the trash.  As Officers Branch and Mason drove their unmarked police vehicle in an alley behind 3227 D Street, they saw Howard.  The officers allege that they saw Howard duck behind a car in the alley and that they detained him because they suspected he was attempting to hide drugs.  Plaintiff denies that he ducked behind anything and alleges that the officers had no reason to suspect him of any criminal activity.  The officers asked the plaintiff if he would allow them to handcuff him for their safety.  Plaintiff agreed. Plaintiff alleges that during the encounter, the officers intended to conduct a body cavity search for drugs against his will and yanked his legs out from under him, causing him to fall and break his right arm. Plaintiff claims that Branch and Mason conducted a strip search of his person, an allegation denied by the officers and the District.  Defendants deny all allegations of wrongdoing and state that plaintiff suffered injuries as a result of his failure to obey a lawful order and his contributory negligence causing him to fall and injure his arm.

This Court has jurisdiction over the case under 28 U.S.C. § 1441.

2

**b.    Defendants**

This is a civil rights action which plaintiff Nathaniel Howard has brought against the District of Columbia and two members of the Metropolitan Police Department, Tony Mason and Jonathan Branch. At the time of the events giving rise to the complaint, both were assigned to District 6 of the Metropolitan Police Department.

It is alleged that on or about January 31, 2006, at about 9:00 p.m., 37 year old Nathaniel Howard was in the backyard of 3227 D Street, S.E., Washington, D.C. As Officers Branch and Mason drove their unmarked police vehicle in an alley behind 3227 D Street, they saw Howard duck behind a car in the alley. They detained him, suspecting that he was attempting to hide drugs, and asked if he would allow them to handcuff him for their safety. Howard agreed. During the encounter Howard sustained a broken arm. Howard claims that Branch and Mason conducted a strip search of his person, an allegation denied by the officers and the District. This Court has jurisdiction over the case under 28 U.S.C. § 1441. Defendants deny all allegations of wrongdoing and state that plaintiff suffered injuries as a result of his failure to obey a lawful order and his contributory negligence causing him to fall and injure his arm.

**3.    Claims and/or Defenses**

a)    **Plaintiff's Claims**

Plaintiff has made claims of excessive force and unreasonable search and seizure under the Fourth Amendment against each officer. He also asserts a claim of assault and battery against the officers and the District of Columbia.

b)    **Defenses**

3

*General Defenses:*

1. The Amended Complaint fails to state a cause of action upon which relief may be granted.

2. The District denies that it violated any of the Plaintiff's constitutional rights.

3. The District denies all allegations of negligence.

4. Plaintiff assumed the risk as to some or all of the alleged injuries upon which this suit is based.

5. Plaintiff's negligence contributed to his injury.

6. Defendants deny the nature and extent of the Plaintiff's injuries.

7. Defendants deny that the Plaintiff is entitled to the relief requested.

8. All actions taken by the District or any of its agents, servants, or employees, were taken in good faith and with reasonable belief in their lawfulness.

9. The District asserts a set-off for all funds and services provided to Plaintiff through Medicare, Medicaid, public assistance or other sources.

*Specific Defenses:*

1. Plaintiff has not adduced sufficient evidence to establish municipal liability under 42 USC §1983.

2. Plaintiff has not alleged that any policy maker was aware of and/or ratified any alleged policy to violate the constitutional rights of citizens, nor has he alleged that this was the result of a District of Columbia policy.

3. Plaintiff has failed to establish a custom, policy or practice of the District of Columbia which would hold the District liable for any individual defendant's actions.

4

    4.  Plaintiff has not identified the appropriate standard of care, nor any breach of any such standard by the District of Columbia which has resulted in injury.

    5.  Plaintiff failed to fully comply with the mandatory notice requirements of D.C. Code § 12-309 (1981).

    6.  Officers Branch and Mason are entitled to Qualified Immunity.

**4.    Undisputed Issues/Stipulations**

Branch and Mason were acting within the scope of their employment with the District of Columbia.

**5.    Witness Schedule**

    **a)    Plaintiff's witnesses**

    Tanya Easter
    2390 Iverson St.
    Temple Hills, Md
    202 582 0769
    (Eyewitness to the occurrence.  Direct examination: 30 minutes)

    Vernard Dickson
    3330 Ely Place, S.E, Apt 201
    Washington, DC 20019.
    202 582 2829
    (Eyewitness to the occurrence and Howard being in pain.  Direct examination: 45 minutes)
    **Defendants object as this witness's testimony would be cumulative**

    Danielle Williams
    504 Karen Elaine Drive
    New Carrollton, Maryland
    301 661 5016
    (Eye witness to the occurrence and Howard being in pain.  Direct examination: 30 minutes)
    **Defendants object as this witness's testimony would be cumulative**

    Tamika Monroe
    3342 Ely Place, S.E.
    Washington, D.C. 20019

(Eyewitness to the occurrence and Howard being in pain. Direct examination: 20 minutes)
**Defendants object as this witness's testimony would be cumulative**

Angela Monroe
3342 Ely Place, S.E.
Washington, D.C. 20019
(Eyewitness to the occurrence and Howard being in pain. Direct examination: 20 minutes)
**Defendants object as this witness's testimony would be cumulative**

Vermell Howard
3327 D Street, S.E.
Washington, D.C. 20019
202 543 5699
(Knowledgeable of plaintiff's injury and his condition before injury. Direct examination: 30 minutes)

Laverne Williams
3327 D Street, S.E.
Washington, D.C. 20019
202 543 5699
(Knowledgeable of plaintiff's activities immediately before incident. Direct examination: 15 minutes)

Sharon Weidenfeld
65 Gentry Court
Annapolis, Maryland
301 345 6969
(Private investigator who recovered plastic gloves and took photographs of the scene. Direct examination: 30 minutes)

Officer Ronald Royster
Forensic Science Division
Metropolitan Police Department
(Supervising officer who came to scene; knowledgeable of plaintiff's on-scene statements being strip searched. Direct examination: 30 minutes)

Christopher Todd Young
6934 Hanover Parkway, Apt. 400
Greenbelt, Maryland 20770
(EMT on scene; wrote IME report; obtained history of patient's injury; and knowledgeable of plaintiff's pain. Direct examination: 45 minutes)

Officer Jacob Lipscomb

6

Metropolitan Police Department Sixth District
100 42nd Street, N.E.
Washington, D.C.
(Police officer who got to scene after the incident and handled police communications.  Direct examination: 10 minutes)

Kenneth Bellamy
3508 Minnesota Avenue, S.E.
Washington, D.C.
(Victim of excessive force inflicted by same two officers a week earlier)
**Defendants object to this witness' testimony on the basis of relevancy.**

Montague Blundon, M.D.
5640 Shields Drive
Bethesda, Maryland 20817
301 897 5505
(Orthopaedic Surgeon who has treated plaintiff on an ongoing basis since his injury.  This witness will give expert opinion on causation, that plaintiff suffered a permanent injury, which has disabled him from gainful employment; this witness will also opine on medical treatment, past and future, necessary to treat the injury as well as probability of future pain and suffering in the future)

Arthur Scofield and Jennifer Willging
11820 Parklawn Drive, Suite 180
Rockville, Maryland 20852
(Provided physical therapy to plaintiff)

Richard Lurito
1491 Chain Bridge Road
Suite 300
McLean, Virginia 22101
703 442 4528
(This witness will testify as to amount of future medical treatment – reduced to present value)

**b)     Defendants' Witnesses:**

Officer Jonathan Branch
Metropolitan Police Department Sixth District
100 42nd Street, N.E.
Washington, D.C.
Direct Examination – 60 minutes
Officer Tony Mason

7

Metropolitan Police Department Sixth District
100 42nd Street, N.E.
Washington, D.C.
Direct Examination – 60 minutes

Officer Ronald Royster
Forensic Science Division
Metropolitan Police Department
(Supervising officer who came to scene. Direct examination: 30 minutes)

Officer Jacob Lipscomb
Metropolitan Police Department Sixth District
100 42nd Street, N.E.
Washington, D.C.
(Police officer who got to scene after the incident and handled police communications  Direct examination: 10 minutes)

Sergeant Ernest Grant
Metropolitan Police Department Sixth District
100 42nd Street, N.E.
Washington, D.C.
(Officers Branch and Mason's supervisor)
Direct Examination – 30 minutes

Officer Kai Gainey
Metropolitan Police Department
100 42nd Street, N.E.
Washington, D.C.
(Officer who attempted to arrest Plaintiff on November 7, 2006 and Plaintiff assaulted the officer and resisted the arrest.)
Direct Examination – 30 minutes
**Plaintiff objects to this witness's testimony.  This witness was not identified in discovery.   Nor are the facts of plaintiff's arrest on November 7, 2006 relevant to any issue in this case.**

Sharnise Jones-Howard
332 58th Street NE
Washington, D.C.
(Plaintiff's estranged wife – Plaintiff was accused of assaulting her on October 18, 2006 lacerating her left eye.)
Direct Examination – 30 minutes
**Plaintiff objects to this witness's testimony.  Same basis.**

Richard H. Conant, MD
5530 Wisconsin Ave.

8

      Suite 1660
Chevy Chase, MD 20815
(Orthopaedic surgeon, expert in orthopaedic medicine. He will testify about the reasonableness of plaintiff's medical bills, plaintiff's need, if any, for future medical care, the nature and extent of any permanent injury to plaintiff, any factors other than the accident mentioned in plaintiff's complaint, which caused or contributed to plaintiff's medical circumstances and refute the testimony of plaintiff's experts.)
**Plaintiff reserves right to object to this witness's testimony.**

Charles Betsey, PhD
Howard University College of Arts & Sciences
Department of Economics
2400 Sixth Street, NW
Washington, DC 20059
(An economist, he will testify generally about the Plaintiff's past employment history and future earning capacity as well as employability and mortality tables and the present value of future earnings. He will comment upon and refute the testimony of plaintiff's experts.)
**Plaintiff objects on several grounds including that no claim for lost wages is made.**

6. **Exhibit List**

    a. **Plaintiff's Exhibits:**

        1)     Aerial view of alleyway and streets relevant to scene of occurrence

        2)     Photograph of alley (Plaintiff's Dep. Ex. 2a)

        3)     Photograph of witness' building (Plaintiff's Dep. Ex. 2d)

        4)     Photograph of scene of assault (Plaintiff's Dep. Ex. 2i)

        5)     Photograph of witness Easter's building as viewed from 3327 D Street, S.E.

        6)     Photograph of Tanya Easter's building from alleyway

        7)     Photograph of alleyway from Tanya Easter's apartment

        8)     Diagram prepared by Vernard Dickson, which was marked Ex. 1 as part of his deposition.

        9)     District of Columbia Fire and EMS Department Report, 1-31-06,

        Incident No. 12518 (4 pages).  **(defendants object)**

10)    MPD Incident-Based Event Report  **(defendants object)**

11)    Audio tape of police communications **(defendants object)**

12)    Pair of elastic gloves **(defendants object)**

13)    Medical records of Washington Hospital Center regarding plaintiff's visit to emergency room, history and diagnosis, and treatment on 1/31/06 and 2/01/06.  **(defendants object)**

14)    X-ray of fracture of humerus from Washington Hospital Center dated 1/31/06  **(defendants object)**

15)    Dr. Blundon's x-ray of non-union of humerus fracture

16)    Prince George's County Hospital Medical Records, surgery 3/24/06  **(defendants object)**

17)    Dr. Blundon's x-ray of arm (current condition)

18)    MPD General Order 502.01 regarding strip searches dated 1-12-01 **(defendants object)**

19)    MPD Circular CIR-03-15 regarding strip searches dated 10/29/03 **(defendants object)**

20)    Memorandum of Agreement between DOJ and DC regarding use of force policy with reference to duty by officers to document use of force **(Defendants object)**

21)    Washington Hospital Bill of $1,539.72

22)    Prince George's County Hospital Bill of $6,027.30

23)    Montague Blundon, III, M.D., bill of  $12,897.00

24)    James R. Clarke, P.T., P.A. of $ 3,845.00

25)    Bill for bone stimulator of $4,490.00

26)    Ambulance bill in the amount of $268.00

**Defendant objects to all exhibits that were not produced in**

10

      **discovery.**

   b.   **Defendants' Exhibits:**

      **1)** Copy of Plaintiff's felony drug convictions. **Plaintiff objects.**

      **2)** Copy of David Wright's Assault with a Deadly Weapon conviction. **Plaintiff objects.**

      **3)** Nathaniel Howard's 2002 income tax return. **Plaintiff objects.**

      **4)** Medical report of Richard Conant. **Plaintiff objects.**

      **5)** Plaintiff's 12/13/2004 executed Co-Defendant Eligibility Recommendation form. **Plaintiff objects.**

      **6)** MPD form 251/252.

      7) Various photographs of street and alley where occurrence took place

      8) Various aerial photographs of the alley where the occurrence took place

**7.**   **Deposition Testimony**

   **The parties reserve the right to use all deposition transcripts in this case for impeachment.**

**8.**   **Relief Sought**

   a)   Economic Damages

   Past Medical Expenses

| | |
|---|---|
| Washington Hospital Center | $ 1,539.72 |
| Prince George's County Hospital | $ 6,027.30 |
| Montague Blundon, III, M.D. | $12,897.00 |
| James R. Clarke, P.T., P.A. | $ 3,845.00 |
| EBI (bone stimulator) | $ 4,490.00 |

11

|  |  |
|---|---|
| DC Ambulance | $ 268.00 |
| Total | $29,067.02 |
| Future Medical Expenses | $ 78,939.00 |
| Total Economic Loss | $109,006.02 |

b) Non-economic damages in the form of pain and suffering, past and future, humiliation, etc. – to be determined

c) Punitive Damages against each officer – to be determined.

**9.  Demonstrative Evidence, Physical Evidence, Videotapes**

Physical evidence is noted.  There are no videotapes.

**10.  Pending Motions**

Defendants' Motion in Limine to exclude the reports and testimony of Richard Lurito and Lee Mintz is not disputed by the plaintiff.

```
___/s/_____
```
Terrell N. Roberts, III
Attorney for Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

```
___/s/_____
```
Darrell Chambers
Office of the Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001
202 724 6539

```
__/s/_____
```
Valyncia Simmons
Office of the Attorney General
441 Fourth Street, N.W.

                                              Washington, D.C. 20001
                                              202 724 6520

***The foregoing Joint Pretrial Statement, as revised at the pretrial conference in the presence of counsel, shall stand as the pretrial order in this case.***