UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATHANIEL HOWARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-0885 (ESH) |
| OFFICER TONY MASON, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MEMORANDUM IN SUPPORT OF ADMISSION OF EMT REPORT</u>

Defendants, the District of Columbia, Officers Tony Mason and Jonathan Branch ("Defendants"), by and through their undersigned counsel, submit this Memorandum of Law in Opposition to Plaintiff's Memorandum in Support of Admission of EMT Report, stating:

<u>INTRODUCTION</u>

Plaintiff seeks to offer the EMT report authored by Christopher Young as an exhibit at the trial of this case. At the pretrial conference on June 2, 2008, this Court indicated that the EMT report was not admissible in so far as the plaintiff's statements to the EMT technician. The Court indicated that plaintiff's statements as indicated in the report should be excluded as inadmissible hearsay evidence. The Court, however, granted leave for the parties to brief the issue. Plaintiff submitted a memorandum of law, arguing that Fed. R. Evid. 803 (4) permits the admission of the Plaintiff's statements. For the reasons enumerated below, Plaintiff's motion should be denied and his statements in the report excluded under Fed. R. Evid. 803 (4).

<u>ARGUMENT</u>

Plaintiff's statement assigning fault for the occurrence to the MPD officers on the scene is inadmissible under Fed. R. Evid 803 (4). That Rule contemplates the admission of hearsay

statements for the purpose of medical diagnosis and treatment, not statements that do not further

and are not pertinent to the patient's treatment or diagnosis, like the one at issue in the case *sub-*

*judice*.  The Rule provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> Statements made for the purpose of medical diagnosis and treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

The Plaintiff's statements to the EMT technicians are clearly inadmissible under this

Rule.  The EMT report was written by Christopher Young, who is an advanced emergency

medical technician for the District of Columbia Fire Department.  Mr. Young responded to the

scene of the incident and assessed Mr. Howard's condition immediately after the incident. Mr.

Young applied a splint to Mr. Howard's right arm and assisted in transporting him to the

Washington Hospital Center.  Mr. Young testified as to the content of the EMT report.  The

narrative portion of Mr. Young's report reads as follows:

> Found 37-year old male leaning against the fence.  Patient states while handcuffed by MPD feet were taken out causing patient to fall to ground landing on right arm. Patient complained of pain, numbness. Rates pain 10 out of 10.  Redness, swelling present, motor function to fingers okay, exposed injured arm, splint extremity … check motor function sensory, vital signs 160 over 100, pulse 74, respiration 20, 02 SAT (saturation). Transported to Washington Hospital Center for further evaluation.  Also slight redness to both left and right wrist.

Whereas plaintiff asserts that his statement was made for the purpose of "medical diagnosis and

treatment," such statement did not explain the "cause" or "external source" of his pain, but rather

attributed fault for his injuries to Defendants.  Pursuant to Fed. R. Evid. 803(4) and the

comments thereto, statements as to fault "would not ordinarily qualify" under "statements as to

causation," which may otherwise be admitted in accordance with current law. See *United States v. Tome*, 61 F.3d 1446 (10th Cir. 1995) (a declarant's statement to a physician that identifies the person responsible for the declarant's injuries is ordinarily inadmissible under 803(4) because the assailant's identity is usually unnecessary either for accurate diagnosis or effective treatment.) See also *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981) (8th Circuit held that statements relating to present or past conditions made to aid diagnosis or treatment are admissible under Rule 803(4)…statements regarding the cause of the condition, if pertinent to diagnosis or treatment are admissible... statements regarding fault, however, are not admissible).  Plaintiff's statement to EMT Young clearly seeks to identify one or more MPD employees as responsible for his injury.  Pursuant to the Rule, the comments thereto, and *Tome*, Plaintiff's statement should be excluded in this case.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

\s\ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

\s\ Darrell Chambers
DARRELL CHAMBERS [980872]
Assistant Attorney General
441 4TH Street, N.W., 6th Floor South
Washington, D.C.  20001
202-724-6539 (Office); 202-741-8799 (fax)
darrell.chambers@dc.gov

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Memorandum Of Law In Opposition To Plaintiff's Memorandum In Support Of Admission Of EMT Report and Proposed Order, was served electronically this 3rd day of July, 2008 upon:

Terrell N. Roberts, III, Esquire
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
Attorney for Plaintiff

Valyncia Simmons, Esquire
Special Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
Attorney for Officers Branch and Mason

\s\ Darrell Chambers
DARRELL CHAMBERS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHANIEL HOWARD                      )
                                      )
      Plaintiff,                 )
v.                                    )
                                      )          Civil Action No. 06-0885 (ESH)
OFFICER TONY MASON, *et al.,*         )
                                      )
      Defendants.                )
_____)

ORDER

      Before the Court is Defendants' Memorandum Of Law In Opposition To Plaintiff's

Memorandum In Support Of Admission Of EMT Report.  Upon consideration of the Motion and

the Defendants' opposition thereto, it is this ____ day of _____, 2008:

      **ORDERED** that the Plaintiff's Motion be, and it is hereby DENIED; and it is

      **FURTHER ORDERED** that Plaintiff shall be precluded from introducing the Plaintiff's

hearsay statements contained in the EMT report, and such report shall be redacted to exclude any

hearsay statement made by the Plaintiff.

                         _____
                         ELLEN SEGAL HUVELLE
                         United States District Judge

Copies served upon:

Valyncia Simmons
Special Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

Darrell Chambers
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

Terrell N. Roberts, III
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
Attorney for Plaintiff